Keiki Kay Mitsu Fujita
227 Arlington Avenue
Kensington, CA 94707-1401
(510) 524-7986



FILED

FEB 01 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION
1301 Clay St #400S, Oakland, CA 94612

KEIKI KAY MITSU FUJITA,

      Plaintiff,

vs.

THE BEST SERVICE COMPANY;
HUNT & HENRIQUES; HARRIS &
ZIDE; and Does 1-10,

      Defendants.

No. C19-0580

## COMPLAINT

COMES NOW the Plaintiff, *In Pro Per*, and brings this Complaint against the above-named Defendants.

## I. PRELIMINARY STATEMENT

1.    The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." See *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)(internal citations omitted).

1

2. "Section 623(b)(1)(A) of the FCRA makes it unlawful for a furnisher of information to a Consumer reporting agency, upon receiving a notice of a Consumer dispute from the Consumer reporting agency, not to conduct a reasonable investigation of the disputed information. 15 U.S.C. §1681s-2(b)." See *CFPB v. Encore Capital Group, Inc., et al.*, CFPB File No. 2015-CFPB-0022, at ¶124.

3. "Furnishers" are sources that provide credit information to credit reporting agencies (CRA). *Gorman v. Wolpoff & Abranson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). Under FCRA, "furnishers" have the duty to investigate and/or correct inaccurate information, and an individual may bring a private cause of action to sue a furnisher for its failure to fulfil those duties. 15 U.S.C. §1681s-2(b); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

4. This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. §1681 (herein "FCRA"), which prohibits furnishers/debt collectors from failing to investigate consumer disputes. Defendants are "furnisher of information" under the FCRA.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), which prohibits furnishers from engaging in wilful and negligent, false, deceptive, misleading and unfair practices in attempting to collect a debt.

6. This action arises out of Defendant TBSC's violations of the Telephone Consumer Protection Act (hereinafter "TCPA") Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

7. 15 U.S.C. §1681n and §1681o, create a private right of action for consumers to bring against violators of <u>any</u> provision of the FCRA with regard to their

2

credit. In *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296, 1300 (D.N.M. 2000) the Court confirmed that "...the plain language of [15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have wilfully or negligently fail to perform their duties upon notice of a dispute...there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." *Id.* 1300. Defendants have wilfully and negligently failed to perform their duties by not properly validating the disputed debt shown on Plaintiff's credit report and in communications from Defendants.

8.    Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but non-existent debt.

## II. JURISDICTION AND VENUE

9.    Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. §1681, seq, and 15 U.S.C. §1692, seq.; as well as 28 U.S.C. §1331.

10.    Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that the Plaintiffs reside here, the Defendants transact business here, and the conduct complained of occurred here.

11.    This is an action for damages which exceed $10,000.00.

12.    All conditions precedent to the bringing of this action have been performed.

## III. PARTIES

13.    Plaintiff, **Keiki Kay Mitsu Fujita**, is a natural person and is a resident of this State (hereinafter "Plaintiff").

14.    Defendant **THE BEST SERVICE COMPANY** (hereinafter "TBSC" or "Defendants") is a debt collection agency engaged in the regular business of collecting

3

debts due or alleged to be due to others, authorized to do business in California, as defined by 15 U.S.C. §1692a(5). Defendant TBSC has its principal place of business at 6700 S. Centinela Avenue, 3rd Floor, Culver City, CA 90230. Defendant TBSC is a debt collector as defined by 15 U.S.C. §1692a(6) and 15 U.S.C. §1681a(b). At all relevant times was engaged, by use of the mails, in attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Defendant TBSC is a furnisher of information who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher".

15.   Defendant **HUNT & HENRIQUES** (hereinafter "HUNT" or "Defendants") is a law firm engaged in the regular business of collecting debts due or alleged to be due to others, authorized to do business in California, as defined by 15 U.S.C. §1692a(5). Defendant HUNT has its principal place of business at 151 Bernal Road, Suite 8, San Jose, CA 95119. Defendant HUNT is a debt collector as defined by 15 U.S.C. §1692a(6) and 15 U.S.C. §1681a(b). At all relevant times was engaged, by use of the mails, in attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Defendant HUNT is a furnisher of information who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher".

16.   Defendant **HARRIS AND ZIDE** (hereinafter "HARRIS" or "Defendants") is a law firm engaged in the regular business of collecting debts due or alleged to be due to others, authorized to do business in California, as defined by 15 U.S.C. §1692a(5). Defendant HARRIS has its principal place of business at 1445 Huntington Drive, Suite 300, South Pasadena, CA 91039. Defendant HARRIS is a debt collector as defined by

4

15 U.S.C. §1692a(6) and 15 U.S.C. §1681a(b). At all relevant times was engaged, by use of the mails, in attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Defendant HARRIS is a furnisher of information who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher".

17.     Defendants Does 1-10 are currently unknown to plaintiffs. Complaint will be amended when facts are discovered regarding unknown parties.

## IV. FACTUAL ALLEGATIONS

18.     On or about October 18, 2018, Defendant TBSC sent Plaintiff 2 unsigned demand letters for payment on alleged accounts with its client in the amounts of $9,370.28 and $2,147.06. Names on the letters were "Laura Thomas" and "Diana Barton", respectively. See **Exhibit "A"**.

19.     On or about October 24, 2018, Plaintiff sent Defendant TBSC a Notice of Dispute, demanding validation of an alleged account with Defendant TBSC or its client. Said notices included demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value. Also, the demand included a request for a complete statement of damages and losses incurred by TBSC or its client, and demand to not call Plaintiff. See **Exhibit "B"**.

20.     Plaintiff has not received a timely response from Defendant TBSC with authentic evidence regarding the validity of the debt.

21.     Defendant TBSC did not notify Plaintiff at any time that the dispute was considered frivolous or irrelevant, or that Plaintiff had failed to provide sufficient information to investigate the disputed information.

22.     On or about September 7, 2018, Defendant HUNT sent Plaintiff a demand for payment on an alleged account with its client in the amount of $17,801.53. See **Exhibit "C"**.

23.     On or about October 24, 2018, (in response to the September 7, 2018 letter) Plaintiff sent Defendant HUNT a Notice of Dispute, demanding validation of an alleged account with Defendant or its client. Said notice included demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value. Also, the demand included a request for a complete statement of damages and losses incurred by HUNT or its client, and demand to not call Plaintiff. See **Exhibit "D"**.

24.     Defendant HUNT did not notify Plaintiff at any time that the dispute was considered frivolous or irrelevant, or that Plaintiff had failed to provide sufficient information to investigate the disputed information.

25.     On or about October 18, 2018, Defendant HUNT sent Plaintiff a threat of law suit on an alleged account with its client in the amount of $17,801.53. See **Exhibit "E"**.

26.     On or about December 21, 2018, (in response to the October 18, 2018 letter) Plaintiff sent Defendant HUNT a Notice of Dispute, demanding validation of an alleged account with Defendant or its client. Said notice included demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of

6

agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value. Also, the demand included a request for a complete statement of damages and losses incurred by HUNT or its client, and demand to not call Plaintiff. See **Exhibit "F"**.

27. Plaintiff has not received a timely response from Defendant HUNT with authentic evidence regarding the validity of the debt.

28. On or about December 13, 2018, Defendant HARRIS sent Plaintiff a demand for payment on an alleged account with its client in the amount of $2,521.08. See **Exhibit "G"**.

29. On or about December 20, 2018, (in response to the December 13, 2018 letter) Plaintiff sent Defendant HARRIS a Notice of Dispute, demanding validation of an alleged account with Defendant or its client. Said notice included demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value. Also, the demand included a request for a complete statement of damages and losses incurred by HARRIS or its client, and demand to not call Plaintiff. See **Exhibit "H"**)

30. Defendant HARRIS did not notify Plaintiff at any time that the dispute was considered frivolous or irrelevant, or that Plaintiff had failed to provide sufficient information to investigate the disputed information.

31. On or about January 18, 2019, Defendant HARRIS sent Plaintiff a communication that threatened her with a lawsuit in reference to an alleged debt in the amount of $2,521.08. See **Exhibit "I"**.

7

32.     Plaintiff has not received a timely response from Defendant HARRIS with authentic evidence regarding the validity of the debt.

33.     Defendants TBSC, HUNT and HARRIS, regularly and in the course of business, furnish information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

34.     Defendants TBSC, HUNT and HARRIS, failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s–2 (b)(1)(B).

35.     Defendants TBSC, HUNT and HARRIS, failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s–2 (b)(1)(B) after the Plaintiff's notice of dispute was received at their respective offices.

36.     Defendants TBSC, HUNT and HARRIS, failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s–2 (b)(1)(D).

37.     Defendants TBSC, HUNT and HARRIS, failed to report the results of the investigation to the consumer reporting agencies, as required by 15 U.S.C. § 1681s–2 (b)(1)(C).

38.     On October 16, 2018, Plaintiff received 3 calls from Defendant TBSC by the name of Diana Barton, using automatic telephone dialling system (ATDS) or artificial robotic or prerecorded voices on Plaintiffs phone. The caller left a voice message requesting that Plaintiff to contact the Defendant. Plaintiff attempted to obtain phone records from the phone company and was told that she would need a subpoena. So, Plaintiff intends to have the Court issue a subpoena to the phone company.

39.   On October 17, 2018, Plaintiff received 2 calls from Defendant TBSC by the name of Laura Thomas, using automatic telephone dialling system (ATDS) or artificial robotic or prerecorded voices on Plaintiffs phone. The caller left a voice message requesting that Plaintiff to contact the Defendant.

40.   Between October 26, 2018 and October 30, 2018, Plaintiff received 9 calls from Defendant TBSC using automatic telephone dialling system (ATDS) or artificial robotic or prerecorded voices on Plaintiffs phone. The caller left a voice message requesting that Plaintiff to contact the Defendant.

41.   Said calls to Plaintiff's phone were without Plaintiff's prior permission.

42.   Defendants left recorded messages on Plaintiff's phone without express permission.

## V. CAUSES OF ACTION

### CAUSE I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C.§1681s-2(b) AS TO DEFENDANTS

43.   All above paragraphs are incorporated as reference herein.

44.   The FCRA imposes certain duties upon furnishers of credit information. After a furnisher of credit information receives notice pursuant to section 1681i(a)(2), the furnisher is required to "conduct an investigation with respect to the disputed information," and "review all relevant information provided" to it by the CRA. 15 U.S.C. § 1681s–2(b)(1). Regardless of the results of its investigation, the furnisher must report back to any CRA that notified it of the dispute. See Rambarran v. Bank of America, N.A., 609 F. Supp. 2d 1253, 1257 (S.D. Fla. 2009) (citing 15 U.S.C. § 1681s–2(b)(1)(C)). "If the investigation results

9

in a finding that [the furnisher] provided incomplete or inaccurate information to the CRA, then it must report the results of its investigation to all other CRAs that received such incomplete or inaccurate information." *Id.* (citing 15 U.S.C. § 1681s–2(b)(1)(D)). Finally, if the investigation is either inconclusive or results in a finding that the furnisher provided incomplete or inaccurate information to the CRA, then the furnisher shall, "for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the investigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information." 15 U.S.C. § 1681s–2(b)(1)(E). The furnisher must complete its investigations, reviews, and reports within the thirty-day period after the consumer notifies the CRA of the dispute. *See Rambarran*, 609 F. Supp. 2d at 1257 (citing 15 U.S.C. § 1681s–2(b)(2)).

45.    If a consumer notifies a furnisher that the consumer disputes the completeness or accuracy of any information reported by the furnisher, the furnisher may not subsequently report that information to the CRAs without providing notice of the dispute Section 623(a)(3). The statute is silent on the matter of the furnisher ceasing to report information while it is investigating the dispute. It is thus the opinion of the Commission staff that a furnisher temporarily ceases to report disputed information while it investigates the matter, and then either (1) corrects the information if its investigation results in agreement with the consumer or (2) reports the item as disputed by the consumer where that is the result of the investigation, would comply with Section 623(a).[1]

---

[1] https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-harvey-12-23-97

46.     Under section 623(a)(3), after receiving a notice of dispute from a consumer, furnishers are required to meet a disclosure requirement by providing a notice of dispute to the CRAs within a timely manner. However, Defendants failed to meet this condition of disclosure by not placing a "notice of dispute" on Plaintiff's credit file within the (30) day time period. See **Exhibit "J"** Credit Reports.

47.     Due to the securitization process[2], Defendants' clients are not holders in due course, and therefore have relinquished any account receivables, thereby reporting inaccurate derogatory information, which is *fraud in the factum*.

48.     Plaintiff sent written requests to Defendants, under the FCRA, disputing the information and demanding that Defendants investigate the inaccuracies and derogatory information that it reported.

Even though 15 U.S.C. §1681s-2a (8)(E) contains no private right of action, furnishers must comply with the statute, which states in relevant part:

> **(E) Duty of person after receiving notice of dispute** After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall—
> (i) conduct an investigation with respect to the disputed information;
> (ii) review all relevant information provided by the consumer with the notice;
> (iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 1681i(a)(1) of this title within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and
> (iv) if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

and (D) states:

---

[2] https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

**(D)Submitting a notice of dispute** A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices that—
(i) identifies the specific information that is being disputed;
(ii) explains the basis for the dispute; and
(iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.

49.   FCRA in 15 U.S.C. 1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

50.   The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Defendants here were attempting to collect on alleged accounts with their clients where Plaintiff never had any such accounts.

51.   Consumers can maintain a private action against furnishers of information under Section 1681s-2(b). See *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918 (N.D. Ill. 2000); *DiMezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296 (D.N.M. 2000); *Campbell v. Baldwin*, 90 F. Supp. 2d 754 (E.D.Tex.2000).

52.   Defendants' responsibility to investigate was triggered by the CRA's reinvestigation request to Defendants. Here Defendants failed to conduct an investigation and report the results of that investigation to the CRAs.

12

53.    As a direct and proximate result of Defendants' conduct, Plaintiff has and will continue to suffer damages as shown herein. Plaintiff seeks damages in the amount of $1,000 from each Defendant pursuant to 15 U.S.C. §1681o.

**CAUSE II**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),**
**15 U.S.C. §1692e(8)**
**AS TO DEFENDANTS**

54.    All above paragraphs are incorporated as reference herein.

55.    In connection with the collection of a debt, Defendants, as debt collectors, directly or indirectly, used false, deceptive, or misleading representations or means, including failure to communicate to the CRA that the debt is disputed, in violation of Section 807(8) and (10) of the FDCPA, 15 U.S.C. §1692e(8) and (10). A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The following conduct is a violation of this section:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. (Emphasis added)

56.    Pursuant to 15 U.S.C. §1692g(b), if the consumer notifies the debt collector in writing (as did Plaintiff) within thirty (30) days after receipt of an initial communication from debt collector that the debt is disputed, "the debt collector **shall cease** collection of the debt...until the debt collector obtains verification of the debt...and a copy of such verification...is mailed to the consumer." (Emphasis added) As stated by the Sixth Circuit in *Purnell v. Arrow Financial Services LLC*, 303 Fed.Appx. 297, 304 (2008), a debt collector who receives a demand for

verification "has a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume collection activities once the requested validation has been provided. We find that the language of §1692g(b) dictates that each 'failure' to cease' collection activity without having validated the debt – like each 'communication' of false credit information under 15 U.S.C. §1692e(8) – presents a discrete claim for violation of the FDCPA..." In the instant case, Defendants violated the FDCPA by not validating the alleged debt, and subsequently threatening to take judicial action against Plaintiff, which they did not intend to take, or cannot legally threatened. 15 U.S.C. §1692e(5). See *Haddad v. AZDF*, 758 F.3d 777 (6th Cir. 2014). Also, Defendants failed to communicate that an alleged debt was disputed by not reporting it to the CRAs. The inaccuracy that is disputed consists of: demand that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, verified amount, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value by sourcing the funds from creditor's account.

57.    As a direct and proximate result of Defendants' conduct, Plaintiff has and will continue to suffer damages as shown herein. Plaintiff seeks damages in the amount of $1,000 from each Defendant pursuant to 15 U.S.C. §1692k as a strict liability statute.

## CAUSE III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),
## 15 U.S.C. §1692d(5)
## AS TO DEFENDANTS

58.    All above paragraphs are incorporated as reference herein.

14

59.     Defendants have engaged in a pattern of conduct designed to harass and abuse Plaintiff in violation of the FDCPA, 15 U.S.C. §1692d(5), by "Causing a telephone [Plaintiff's] to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Defendants called Plaintiff's telephone numerous times.

60.     By Defendants' conduct in calling Plaintiff's phone, after demand was made for them to stop, Defendants violated 15 U.S.C. §1692d(5).

61.     As a direct and proximate result of Defendants' conduct, Plaintiff has and will continue to suffer damages as shown herein. Plaintiff seeks damages in the amount of $1,000 from each Defendant pursuant to 15 U.S.C. §1692k as a strict liability statute.

**CAUSE IV**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES**
**ACT (FDCPA), 15 U.S.C. §1692f**
**AS TO DEFENDANTS**

62.     All above paragraphs are incorporated as reference herein.

63.     Defendants engaged in unfair practices and a wrongful campaign to collect alleged indebtedness from Plaintiff, which Defendants knew or actively avoided knowing was not due from Plaintiff and ignored Plaintiff's disputes as to the collection account and Defendants further reported false credit reporting and communications to the CRAs and attributed said information to Plaintiff in violation of the FDCPA, 15 U.S.C. §1692f. Defendants continue to report accounts that have not been proven to belong to Plaintiff.

64.     As a direct and proximate result of Defendants' conduct, Plaintiff has and will continue to suffer damages as shown herein. Plaintiff seeks damages in the

amount of $1,000 from each Defendant pursuant to 15 U.S.C. §1692k as a strict liability statute.

## CAUSE V
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227 AS TO DEFENDANT TBSC

65.    All above paragraphs are incorporated as reference herein.

66.    Defendant TBSC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's phone number. In some of the calls, Plaintiff noticed that there was no human response when trying to have a conversation during the calls. The calls were an attempt to collect on an alleged debt and requested the Plaintiff to contact the caller.

67.    The calls made by Defendant TBSC to Plaintiff's cellular telephone were in the nature of a mechanical sounding device that dialed the number. Some calls were eventually completed by a live person in which a voice message was left or not left.

68.    Defendant TBSC committed separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

69.    Defendant TBSC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The repeated calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.  Plaintiff corresponded with Defendant TBSC in which Plaintiff demanded that Defendant TBSC cease all phone calls.  An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

16

70. The Plaintiff has never given Defendant TBSC permission to call Plaintiff's phone; and/or gave notice to cease all calls. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Defendant TBSC do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant TBSC for actual or statutory damages, and punitive damages and costs. Plaintiff reserves the right to amend this Complaint when Defendant Does become known.

## VI. RELIEF SOUGHT

71. This Court is authorized to immediately order all Defendants to permanently remove all reference to the alleged debt from Plaintiff's consumer credit file.

## VII. PRAYER FOR DAMAGES

**WHEREFORE,** plaintiff prays that this Court enter a judgment for Plaintiff, pursuant to the TCPA, FCRA and FDCPA, against Defendants as follows.

(a) Against each Defendant in the amount of $1,000;

(b) Against each Defendant in the amount of $5,000;

(c) Against Defendant TBSC in the amount of $21,000.

(d) Award Plaintiff the costs of bringing this action, as well as other and additional relief as the Court may determine to be just and proper. See *Guimond v. Trans Union Credit Information Company*, 45 F.3d 1329 (9th Cir. 1995) (Even without pecuniary or out-of-pocket loss, may recover actual damages for the mere injury to reputation or creditworthiness caused by the delinquencies appearing on credit report.)

17

1   and *Gertz v. Robert Welsh, Inc.*, 418 U.S. 323 (1974) *cf. Jorgeson v. TRW, Inc.*, C.A.

2   No. 96-286 (D.Or. 1998)(emotional distress); *Valentine v. Equifax Information Servs,*

3   *LLC, et al.*, U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v.*

4   *Bank One Corp.*, 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem*

5
    *Seafoods, Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351,
6

7   1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress).

8   *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful

9   failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)).

10

11          Where the issue of damages depends on whether a violation of the FCRA

12   occurred, the question of damages is generally reserved for the jury. *Cairns v. GMAC*

13   *Mortg. Corp.*, No. CIV 04-1840-PHX-SMM, 2007 WL 735564, *7 (D. Ariz. Mar, 5, 2007).

14   A successful FCRA plaintiff is entitled to a damage award that varies depending on the

15   willfulness of the breach. *See Rambarran v. Bank of America, N.A.*, 609 F. Supp. 2d at

16
    1258.
17

18          Recovery for a negligent violation of FCRA is limited to the amount of actual

19   damages and attorneys' fees and costs. *See* 15 U.S.C. § 1681o. "If the breach is willful,

20   however, the plaintiff is entitled to recover either actual damages or statutory damages

21   (from $100–$1,000), whichever is greater, in addition to attorneys' fees and costs."

22   *Rambarran*, supra, at 1258. The Court may also impose punitive damages to punish a

23   willful violation of FCRA. *See* 15 U.S.C. § 1681n.

24          "Construed literally, the text of the FCRA would seem to impose liability—
25
    regardless of the accuracy of the underlying information—if the furnisher did not
26

27

28
                                          18

1    conduct a proper investigation after receiving notice of a dispute." *Davidson v. Capital*

2    *One*, No. 14–20478–CIV, 2014 WL 6682532, at \*4 (S.D. Fla. Nov. 25, 2014).

3

4                          **DEMAND FOR JURY TRIAL**

5          Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

6    Respectfully submitted this ___ day of _____, 2019.

7

8    *[signature]*

9    Keiki Kay Mitsu Fujita
     227 Arlington Ave
10   Kensington, CA 94707

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  19

1

2
**VERIFICATION**

3
STATE OF CALIFORNIA
4
COUNTY OF CONTRA COSTA

5
    I have read the foregoing Complaint and know its contents.

6
    I am the Plaintiff, party to this action, and am authorized to make this verification.

7
The matters stated in the foregoing document are true and of my knowledge except as

8
to those matters which are stated on information and belief, and as to those matters I

9
believe them to be true.

10
    I declare under penalty of perjury under the laws of the State of California that

11
the foregoing is true and correct.

12

13
Keiki Kay Mitsu Fujita, Plaintiff, In Pro Per

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

# Exhibit "A"

# The Best Service Company

A Professional Debt Collection Agency

6700 S. Centinela Avenue, Third Floor • Culver City CA 90230-6304

Toll Free (877) 237-8500 • Pay by Phone (866) 314-2010 • Fax (310) 477-7694 • (310) 477-0471

Pay on-line www.tbsc.la • Admin. Office Hours 8:30 to 5:30PM P.S.T. M-F • Reps. Available extended hours & some Sat/Sun

October 18, 2018

**\* \* \* Account Information \* \* \***

Account Number: 11778029

| Client: | GOLDEN 1 CREDIT UNION |
| Act. Type: | LOC |
| Client Act. #: | 1455607-33 |
| Total Balance: | $9370.28 |
| Assigned Bal.: | $9370.28 |
| Annual Int. rate: | 00.00% |

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

*Dear Keiki Kay M Fujita:*

Your account has been assigned to our agency. The entire amount is due, owing, and unpaid. If you are unable to pay in full, please call our office. We can arrange a repayment program and/or present any reasonable settlement offer to our client. Please call me at the extension listed below so that we can work together in a professional and cooperative manner. If you prefer not to discuss this matter during normal business hours, please provide an evening number and time when we may talk.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very truly yours,

The Best Service Company

Laura Thomas

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

*\* \* NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION \* \**
**AVISO: MIRA AL OTRO LADO PARA INFORMACION IMPORTANTE.**

WCSTBSC02B1VAL

***Detach Lower Portion and Return with Payment***

PO Box 45405
Los Angeles CA 90045-0405
ADDRESS SERVICE REQUESTED

Client: GOLDEN 1 CREDIT UNION
Client Act. #:   1455607-33
Total Balance: $9370.28

October 18, 2018

Make your check or money order payable to:

The Best Service Company
PO Box 45405
Los Angeles CA 90045-0405

B

Personal and Confidential
Keiki Kay M Fujita
227 Arlington Ave
Kensington CA 94707-1401

103028822

# The Best Service Company

## A Professional Debt Collection Agency

6700 S. Centinela Avenue, Third Floor • Culver City CA 90230-6304

Toll Free (877) 237-8500 • Pay by Phone (866) 314-2010 • Fax (310) 477-7694 • (310) 477-0471

Pay on-line www.tbsc.la • Admin. Office Hours 8:30 to 5:30PM P.S.T. M-F • Reps. Available extended hours & some Sat/Su

**\* \* \* Account Information \* \* \***

October 18,2018

Account Number:  11777258

| | |
|---|---|
| Client: | GOLDEN 1 CREDIT UNION |
| Act. Type: | VISA |
| Client Act. #: | 4207781073889386 |
| Total Balance: | $2147.06 |
| Assigned Bal.: | $2147.06 |
| Annual Int. rate: | 00.00% |

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

Dear Keiki Kay M Fujita:

Your account has been assigned to our agency. The entire amount is due, owing, and unpaid. If you are unable to pay in full, please call our office. We can arrange a repayment program and/or present any reasonable settlement offer to our client. Please call me at the extension listed below so that we can work together in a professional and cooperative manner. If you prefer not to discuss this matter during normal business hours, please provide an evening number and time when we may talk.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very truly yours,

The Best Service Company

Diana Barton

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

*\* \* NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION \* \**
*AVISO: MIRA AL OTRO LADO PARA INFORMACION IMPORTANTE.*

--Detach Lower Portion and Return with Payment--

WCSTBSC02B1VAL

PO Box 45405
Los Angeles CA 90045-0405
ADDRESS SERVICE REQUESTED

Client: GOLDEN 1 CREDIT UNION
Client Act. #:  4207781073889386
Total Balance: $2147.06

October 18,2018

Make your check or money order payable to:

The Best Service Company
PO Box 45405
Los Angeles CA 90045-0405

Personal and Confidential
Keiki Kay M Fujita
227 Arlington Ave
Kensington CA 94707-1401

103028821

# Exhibit "B"

Keiki Kay M. Fujita
227 Arlington Avenue
Kensington, CA 94707

**To:** The Best Service Company
Laura Thomas
6700 S. Centinela Avenue, Third Floor
Culver City, CA 90230-6304

October 25, 2018

**Registered Mail Number** 7018 1130 0000 8083 7036

**RE:** Golden One **Account No.** 4207 7810 7388 9386 and #1455607

## NOTICE OF DISPUTE

**Dear** The Best Service Company, Laura Thomas

Thank you for your letter dated October 18, 2018. However, "**Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65].** Therefore your institution's fraud nullifies anything I may have signed.

You did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

This Notice is to confirm that your claim is disputed under **15 USC § 1692** *et seq.* Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that Golden One Credit Union is in breach of the alleged agreement. The following facts support my position in this matter:**

1. Golden One Credit Union failed to disclose to the alleged consumer Keiki Kay M. Fujita (hereinafter "consumer") that Golden One Credit Union used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby Golden One Credit Union did not perform under the agreement and risked nothing of value.

2. Golden One Credit Union has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3. Golden One Credit Union received "something-for-nothing" by using the consumer's note(s) to fund charges to the Golden One account while retaining payments from consumer.

4. When accounts are 90 days or more overdue, Golden One Credit Union receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

I want to receive absolute assurance from Golden One Credit Union that they did not breach the agreement. In order to settle this matter, please sign or have an authorized officer sign the enclosed affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition please furnish me with the following information:**

1. A complete statement of Damages, including each and every loss that Golden One Credit Union incurred under the alleged agreement.

2. A copy of any insurance claim having been made by Golden One Credit Union regarding this account.

3. A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

4. The name, address and telephone number of Golden One Credit Union's CPA auditor.

5. Verification if this debt has been assigned or sold to a debt collector.

6. If this debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7. If this debt has been sold to a debt collector, please provide the price for which it was sold.

If you cannot verify this debt by the above listed means, then what right do you have, under the Fair Debt Collection Practices Act 15 USC § 1692, to even send me a letter? Are you committing mail fraud?

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: "a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

<u>You are required by federal law to furnish the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.</u> I am maintaining a careful record of dates as well as time-stamped copies of my credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the disclosure within the required (30) day period.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action might constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.** Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character.**

I am sure your legal staff will agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the FTC and other state or federal agencies.

All communications and omissions will be made part of and incorporated into any litigation arising from this matter. Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Furthermore all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

You must contact me in writing and request an extension in the event that you need more than thirty (30) days to verify and validate the debt. Failure to do so confirms that the time limit is reasonable.

<u>This notice also constitutes a Notice to Cease Telephonic Communications.</u> Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

## NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.  THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

Sincerely,

**Signed without prejudice by**                    Keiki Kay M. Fujita

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

Cc:

1. **Equifax**
   **Attention: Paulino do Rego Barros Jr. / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**
   **Attention: Enforcement Division**
   1700 G Street NW, Washington DC 20552

# Exhibit "C"

# HUNT & HENRIQUES

MICHAEL S. HUNT
JANALIE HENRIQUES

ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

TELEPHONE 800-680-2426
FACSIMILE 408-362-2299
TTY 800-735-2922

**September 7, 2018**

Keiki Kay M Fujita
227 Arlington Ave
Kensington CA 94707-1401

Re:   DEPARTMENT STORES NATIONAL BANK
      Account number ending in: 3969
      Balance due as of September 7, 2018: $17,801.53

Dear Keiki Kay M Fujita :

As a result of your default on the above identified account, our client DEPARTMENT STORES NATIONAL BANK   has engaged this law firm to attempt to collect the outstanding balance due on your  MACY'S account issued by DEPARTMENT STORES NATIONAL BANK .

**Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any portion thereof.  If you do not dispute the validity of the debt or any portion thereof within that time period, we will assume that the debt is valid.  If you do dispute the debt, or any portion thereof, in writing, we will obtain verification of the debt or a copy of the judgment against you, if any, and mail a copy of such verification or judgment to you.  Upon your written request within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor.**

**The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.**

This communication is from a debt collector. This letter is an attempt to collect a debt and any information obtained may be used for that purpose.

Very truly yours,

*Emily Collins*

Emily Collins
Hunt & Henriques
Attorneys at Law

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE CA 95119-1306
RETURN SERVICE REQUESTED

ıllııılıllʰʰʰʰʰʰılʰʰılllıllllʰʰllllʰʰllllllʰʰllllʰlll

KEIKI KAY M FUJITA
227 ARLINGTON AVE
KENSINGTON CA 94707-1401

Exhibit "D"

Keiki Fujita
227 Arlington Avenue
Kensington, CA 94707-1401

To: Hunt & Henriques
Attorneys at Law
151 Bernal Road, Suite 8
San Jose, CA 95119-1306

October 24, 2018

Certified Mail Number 7018 1130 0000 8083 2732

RE: Hunt & Henriques
Re: Macy's American Express account ending in 3969 (closed)

## NOTICE OF DISPUTE

**Dear Hunt & Henriques,**

Thank you for your letter dated September 7, 2018. However, **"Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65].** Therefore your institution's fraud nullifies anything I may have signed.

Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that Macy's is in breach of the alleged agreement. The following facts support my position in this matter:**

1. Macy's failed to disclose to the alleged consumer Keiki Fujita (hereinafter "consumer") that Macy's used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby Macy's did not perform under the agreement and risked nothing of value.

2.      Macy's has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.      Macy's received "something-for-nothing" by using the consumer's note(s) to fund charges to the Macy's account while retaining payments from consumer.

4.      When accounts are 90 days or more overdue, Macy's receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

I want to receive absolute assurance from Macy's that they did not breach the agreement. In order to settle this matter, please sign or have an authorized officer sign the enclosed affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition please furnish me with the following information:**

1.      A complete statement of Damages, including each and every loss that Macy's incurred under the alleged agreement.

2.      A copy of any insurance claim having been made by Macy's regarding this account.

3.      A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

4.      The name, address and telephone number of Macy's CPA auditor.

5.      Verification if this debt has been assigned or sold to a debt collector.

6.      If this debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.      If this debt has been sold to a debt collector, please provide the price for which it was sold.

If you cannot verify this debt by the above listed means, then what right do you have, under the Fair Debt Collection Practices Act 15 USC § 1692, to even send me a letter?  Are you committing mail fraud?

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: "**a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified.**"

The "cannot be verified" is the key phrase, as you can see.  Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information.  It cannot be deemed "accurate" if it cannot be "verified".  If it cannot be verified, then it is required to be removed, according to the FCRA.

**You are required by federal law to furnish the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.** I am maintaining a careful record of dates as well as time-stamped copies of my credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the disclosure within the required (30) day period.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action might constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.** Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character.**

I am sure your legal staff will agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the FTC and other state or federal agencies.

All communications and omissions will be made part of and incorporated into any litigation arising from this matter. Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Furthermore all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

You must contact me in writing and request an extension in the event that you need more than thirty (30) days to verify and validate the debt.  Failure to do so confirms that the time limit is reasonable.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Noncompliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

**NOTICE**

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS. THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

Sincerely,

**Signed without prejudice by**

Keiki Fujita

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

Cc:

1. **Equifax**
   **Attention: Paulino do Rego Barros Jr. / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX 75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**
   **Attention: Enforcement Division**
   1700 G Street NW, Washington DC 20552

# Exhibit "E"

# HUNT & HENRIQUES
## ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

TELEPHONE 800-680-2426
FACSIMILE 408-362-2299
TTY 800-735-2922

**October 18, 2018**

Re: **NOTICE OF INTENT TO FILE SUIT AND INCUR COURT COSTS**
DEPARTMENT STORES NATIONAL BANK / MACY'S
Account number ending in: 3969
Balance due as of October 18, 2018: $17,801.53

Dear Keiki Kay M Fujita:

The purpose of this letter is to advise you that our firm intends to file suit against you on behalf of our client DEPARTMENT STORES NATIONAL BANK. Legal action could result in a judgment against you that would include the costs and necessary disbursements which shall be limited to the actual cost of the filing fee, the actual costs of service of process and, when otherwise specifically allowed by law, reasonable attorneys' fees.

This communication is from a debt collector.

Very truly yours,

Janalie Henriques
HUNT & HENRIQUES
Attorneys at Law

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE CA 95119-1306
RETURN SERVICE REQUESTED

ͲͰͱͰͱͰͰͰͰͰͱͰͰͰ

KEIKI KAY M FUJITA
227 ARLINGTON AVE
KENSINGTON CA 94707-1401

DD00027D       S-SFHUHE10   P92NZ600200024 - 559893075 I00048

1TN  1295691.001

# Exhibit "F"

Keiki Fujita
227 Arlington Avenue
Kensington, CA 94707-1401

**To:** Hunt & Henriques
Attorneys at Law
151 Bernal Road, Suite 8
San Jose, CA 95119-1306

December 21, 2018

**Certified Mail Number** _____

**RE:** Hunt & Henriques
Re: Macy's  American Express account ending in 3969 (closed)

## NOTICE OF DISPUTE

**Dear Hunt & Henriques,**

Thank you for your letter dated October 18, 2018. However, **"Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65].** Therefore your institution's fraud nullifies anything I may have signed.

Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.**  Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to:  any breach of agreement, failure of consideration or material alterations, and that the original lender provided value.  Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that Macy's is in breach of the alleged agreement.  The following facts support my position in this matter:**

1.    Macy's failed to disclose to the alleged consumer Keiki Fujita (hereinafter "consumer") that Macy's  used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby Macy's did not perform under the agreement and risked nothing of value.

2. Macy's has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3. Macy's received "something-for-nothing" by using the consumer's note(s) to fund charges to the Macy's account while retaining payments from consumer.

4. When accounts are 90 days or more overdue, Macy's receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

I want to receive absolute assurance from Macy's that they did not breach the agreement. In order to settle this matter, please sign or have an authorized officer sign the enclosed affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition please furnish me with the following information:**

1. A complete statement of Damages, including each and every loss that Macy's incurred under the alleged agreement.

2. A copy of any insurance claim having been made by Macy's regarding this account.

3. A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

4. The name, address and telephone number of Macy's CPA auditor.

5. Verification if this debt has been assigned or sold to a debt collector.

6. If this debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7. If this debt has been sold to a debt collector, please provide the price for which it was sold.

If you cannot verify this debt by the above listed means, then what right do you have, under the Fair Debt Collection Practices Act 15 USC § 1692, to even send me a letter?  Are you committing mail fraud?

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: "**a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified.**"

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

**You are required by federal law to furnish the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.** I am maintaining a careful record of dates as well as time-stamped copies of my credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the disclosure within the required (30) day period.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action might constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.** Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character.**

I am sure your legal staff will agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the FTC and other state or federal agencies.

All communications and omissions will be made part of and incorporated into any litigation arising from this matter. Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Furthermore all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

You must contact me in writing and request an extension in the event that you need more than thirty (30) days to verify and validate the debt. Failure to do so confirms that the time limit is reasonable.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

## NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.   THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

**Sincerely,**

**Signed without prejudice by**          Keiki Fujita

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

Cc:

1. **Equifax**
   **Attention: Paulino do Rego Barros Jr. / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**
   **Attention: Enforcement Division**
   1700 G Street NW, Washington DC 20552

Exhibit "G"

# HARRIS AND ZIDE

1445 HUNTINGTON DRIVE, SUITE 300
SOUTH PASADENA, CA 91030
TEL: (626) 799-8444
(800) 381-0003
FAX (626) 799-8419

*Robert T. Harris (1929-2003)
Flint C. Zide (CA)
Sarkis S. Karayan (CA)
Debt Collection Attorneys

December 13, 2018

KEIKI KAY MITSU FUJITA
227 ARLINGTON AVE
KENSINGTON CA 94707-1401

RE:     Creditor:                        Bank of America, N.A.
        Customer:                        KEIKI KAY MITSU FUJITA
        Balance Owed:                    $2,521.08
        Account Number:                  ************2319
        Firm Reference Number:           TA018606

Dear KEIKI KAY MITSU FUJITA,

We represent Bank of America. This account has been referred to us for action to collect the above balance due on your account.

Unless you notify us within 30 days after receipt of this letter that the validity of this debt or any portion of it is disputed, we will assume that the debt is valid. If you do notify us in writing within the 30 day period that this debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you. Upon your written request within the 30 day period, we will provide the name and address of the original creditor if it is different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act requires that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Please call our office directly at (626) 799-8444 or toll free at (800) 381-0003 to discuss this matter.

We are debt collectors. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

☑ Flint C. Zide        ☐ Sarkis S. Karayan

TA018606
DEMANDCR

# Exhibit "H"

Keiki Fujita
227 Arlington Avenue
Kensington, CA 94707

Harris and Zide
1445 Huntington Drive, Suite 300
South Pasadena, CA 91030

December 20, 2018

Certified Mail Number 7018 1130 0000 8084 1642

**RE:** Bank Of America N.A. **Account #** XXXX-XXXX-XXXX-2319

**To Whom It May Concern:**

Be advised this is not a refusal to pay, but a notice sent pursuant to the **Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq.,** and the **Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq.** that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address or any other personal identifiers, but a request for **VALIDATION** made pursuant to the above named Titles and Sections. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

At this time I will also inform you that if your offices have reported invalidated information to any of the three major credit bureaus (Equifax, Experian, and Trans Union); this action might constitute fraud under both federal and state laws. Due to this fact, if any negative mark is found to report on any of my credit reports by your company or the company you represent, I will not hesitate in bringing legal action against you and your client for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character.**

It would be constructive for you to note that **the FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: **"a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

## Please provide the following:

1. Agreement with your client that grants you the agent authority to collect on this alleged debt.
2. Agreement that **bears the signature** of the alleged debtor wherein he/she agreed to pay Bank of America, and or an agreement showing I agree to pay a creditor and or their agent.
3. A copy of your oath of office confirming you are not violating **15 USC §1692(e) 3**, and establishing your legal standing to collect anything from me.
4. Any insurance claims been made by any creditor regarding this account.
5. Any judgments obtained by any creditor regarding this account that gives you the right to collect anything from me.
6. Name and address of alleged original creditor.
7. Name on file of alleged debtor.
8. Alleged account number.
9. Address on file for alleged debtor.
10. Amount of alleged debt and what it is for.
11. Date this alleged debt became payable.
12. If the account is charged off, the date of original charge off or delinquency.
13. Verification that this debt was assigned or sold to collector.
14. If this debt has been assigned to collector, please provide the commission amount if collection efforts are successful.
15. If this debt has been sold to collector, please provide the price for which it was sold, and proof of sale. Include all trailing documents identifying the SELLER you purchased it from and ALL PREVIOUS OWNERS.
16. Agreement between your agency and I of any contractual or debtor/creditor arrangement.

**17.** Complete accounting of alleged debt showing how you specifically calculated the entire amount of what you say I owe.

**18.** Copies of any and all **account level documents** that show I agreed to pay what you say I owe to include **original signatures.**

If your offices are able to provide the proper documentation as requested, I will require at least 30 days after receipt to investigate this information and during such time all collection activity must cease.

If your offices fail to respond to this validation request **within 30 days from the date of your receipt,** all references to this account must be deleted and completely removed from my credit files with the credit reporting agencies, and a copy of such deletion request shall be sent to me immediately. You are to cease all collection efforts as delineated under **15 USC § 1692g Sec. 809 (b) of the FDCPA** until proper validation is provided.

I would also like to request that no telephone contact be made by your offices to me, my home, or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS. Thank you very much.

**Best regards,**

**Sincerely** _____

Keiki Fujita, **Signed without prejudice**

**Cc:**

1. **Equifax**

   **Attention: Paulino do Rego Barros Jr. / Chairman and CEO**

   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**

   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**

   **Attention: Don Robert / Chairman**

   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**

   **Attention: Don Robert / Chairman**

   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**

   P.O. Box 4500, Allen TX  75013

6. **TransUnion**

   **Attention: James M. Peck / CEO & President**

   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**

   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**

   **Attention: Enforcement Division**

   1700 G Street NW, Washington DC 20552

# Exhibit "I"

THE LAW OFFICE OF

# HARRIS AND ZIDE

**1445 HUNTINGTON DRIVE, SUITE 300**
**SOUTH PASADENA, CA 91030**
**TEL: (626) 799-8444**
**(800) 381-0003**
**FAX (626) 799-8419**

*Robert T. Harris (1929-2003)
Flint C. Zide (CA)
Sarkis S. Karayan (CA)
Debt Collection Attorneys

January 18, 2019

KEIKI KAY MITSU FUJITA
227 ARLINGTON AVE
KENSINGTON CA 94707-1401

RE:     Creditor:                    Bank of America, N.A.
        Customer:                    KEIKI KAY MITSU FUJITA
        Balance Owed:                $2,521.08
        Account Number:              *************2319
        Firm Reference Number:       TA018606

Dear KEIKI KAY MITSU FUJITA,

Our office is in the process of preparing a lawsuit against you for the above matter. California Code of Civil Procedure Section 1033(b) (2) requires us to advise you that in the event of legal action, such legal action could result in a judgment against you that would include the costs and necessary disbursements allowed by law.

We are debt collectors. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

☑ Flint C. Zide        ☐ Sarkis S. Karayan

TA018606
D1033

# Exhibit "J"

*** 388257325-012 ***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

01/05/2019

 TransUnion®

P9FF4N00203067-I030601-056434121

KEIKI KAY FUJITA
227 ARLINGTON AVE
KENSINGTON, CA 94707-1401

Dear KEIKI KAY FUJITA,

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

If we were able to make changes to your credit report based on information you provided, we made those changes. Otherwise, we asked the company reporting the information you disputed to do all of the following:

1. Review relevant information we sent them, including any documents you gave us as part of your dispute
2. Investigate your dispute and verify whether the information they report is accurate
3. Provide us a response to your dispute and update any other information
4. Update their records and systems, if necessary

Your dispute is important. In the pages that follow you will see your detailed investigation results, including the business name and contact details of the source of the information. Please review the results carefully.

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation appears in the gray box, followed by a brief paragraph describing the results of our investigation, followed by a view of how the item appears in your updated credit report. Please note any changes we made to personal information (name, address, employment, SSN, date of birth) will appear at the end of **Your Investigation Results.**

Want to review a full copy of your credit report? Get yours at www.transunion.com/fullreport

## A Note on Credit Report Updates

Information in your credit report is updated frequently which means items you disputed may not appear on your credit report or have already changed by the time we received your dispute. In most cases, the **Date Updated** represents the last time the account information was updated or reported by the data furnisher. Please note that this date may not change following our investigation of your dispute. For **Payment Received** and **Last Payment Made**, please keep in mind, the data may not represent very recent payment activity. For inactive accounts or accounts that have been closed and paid, **Pay Status** represents the last known status of the account.

## Definitions

For your reference, here are some definitions to help you understand **Your Investigation Results.**

### For ACCOUNTS:

| | |
|---|---|
| **Balance:** The balance owed as of the date the account was verified or reported | **Original Charge Off:** If applicable, the amount charged off due to non-payment of the account |
| **Credit Limit:** The maximum amount of credit approved by the creditor on the account | **Past Due:** The amount past due as of the date the account was verified or reported |
| **Date Opened:** The date the account was Opened | **Pay Status:** The current status of the account; how you are currently paying |
| **High Balance:** The highest amount ever owed on an account | **Remarks:** If applicable, the creditor may provide additional information here related to the account |
| **Last Payment Made:** The date the creditor received the last payment on the account | **Responsibility:** The type of contractual ownership (individual, joint, authorized user, etc.) of the account |
| **Maximum Delinquency:** If applicable, the maximum amount past due before an account becomes a charge-off or a collection account | **Terms:** The monthly payment amount or monthly minimum payment due on the account |

## Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. This rating key will help you understand any updates to your **PAYMENT HISTORY**, if applicable to **YOUR INVESTIGATION RESULTS.** Any rating that is shaded or any value in the account detail appearing with brackets (> <) may indicate that it is considered adverse.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

Want to review a full copy of your credit report? Get yours at www.transunion.com/fullreport

P 9FF4N-002 03067-I030602 02/1(

# TransUnion Credit Score

KEIKI KAY FUJITA



## Summary

You did not order a TransUnion credit score. You can purchase your credit score for $9.95 by calling 1-866-SCORE-TU or 1-866-726-7388.

# Your Investigation Results

**INVESTIGATION RESULTS - VERIFIED AND UPDATED: The disputed item(s) was verified as belonging to you and information has changed or been updated to reflect recent activity.**

## AMEX DEPARTMENT STORES N #37748133480**** ( PO BOX 8218, MASON, OH 45040, Phone number not available )

We investigated this item, verified it belongs to you, and updated: **Date Updated; Remarks; Rating.** Here is how this item appears on your credit report following our investigation.

| | | |
|---|---|---|
| Date Opened: 12/18/1998 | Balance: $17,801 | Pay Status: >Charged Off< |
| Responsibility: Individual Account | Date Updated: 01/04/2019 | Terms: Paid Monthly |
| Account Type: Revolving Account | Last Payment Made: 12/19/2017 | Date Closed: 04/09/2018 |
| Loan Type: CREDIT CARD | High Balance: $17,801 | >Maximum Delinquency of 120 days in |
| | Original Charge-off: $17,801 | 04/2018 and in 06/2018< |
| | Credit Limit: $15,000 | |
| | Past Due: >$17,801< | |

**Remarks:** CLOSED BY CREDIT GRANTOR; >UNPAID BALANCE CHARGED OFF<

Estimated month and year that this item will be removed: 12/2024

| | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | C/O | C/O | C/O | C/O | C/O | 120 | 120 | 120 | 90 | 60 | 30 |

| | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

## DSNB/MACYS #44095394**** ( PO BOX 8218, MASON, OH 45050, (800) 289-6229 )

We investigated this item, verified it belongs to you, and updated: **Date Updated; Remarks; Rating.** Here is how this item appears on your credit report following our investigation.

| | | |
|---|---|---|
| Date Opened: 09/01/1962 | Balance: $1,211 | Pay Status: >Charged Off< |
| Responsibility: Individual Account | Date Updated: 01/04/2019 | Terms: Paid Monthly |
| Account Type: Revolving Account | Last Payment Made: 12/11/2017 | Date Closed: 04/05/2018 |
| Loan Type: CHARGE ACCOUNT | High Balance: $1,731 | >Maximum Delinquency of 120 days in |
| | Original Charge-off: $1,211 | 04/2018 and in 06/2018< |
| | Credit Limit: $1,000 | |
| | Past Due: >$1,211< | |

**Remarks:** CLOSED BY CREDIT GRANTOR; >UNPAID BALANCE CHARGED OFF<

Estimated month and year that this item will be removed: 12/2024

| | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | C/O | C/O | C/O | C/O | C/O | 120 | 120 | 120 | 90 | 60 | 30 |

| | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

Want to review a full copy of your credit report? Get yours at www.transunion.com/fullreport

P 9FF4N-002 03067-I030604 04/10

In the preceding pages we have provided details on the results of our investigation. **If our investigation has not resolved your dispute, here's what you can do next:**

- **Add a 100-word statement to your report.** What this means is that you have the right to send us a not of 100 words or less describing your situation or why you disagree with the results, and we will add thi statement to your report. Anyone who views your report will see this statement. Please know that if yo include any medical information in your statement, this means you're giving TransUnion permission t include that information in any future credit report we issue on your behalf.
- **Dispute directly with the company that reported the information to us.** If you want changes made t information found on your credit report you may dispute with the company that reported it using th contact information listed in **Your Investigation Results.**
- **Provide to us any other information or documents about your dispute.** Please visit www.transunion.com/dispute and let us know you are filing a repeat dispute. Be sure to include any othe information or documentation you feel will help us resolve your dispute.
- **File a complaint** about the company reporting the account or about TransUnion with the Consume Financial Protection Bureau or with your State's Attorney General's office.

If there has been a change to your credit report as a result of our investigation, or if you have added a statemer to your report, **you may ask TransUnion to send an updated credit report** to those who have received you report within the last 2 years for employment purposes or within the last 6 months for any other purpose.

## Should You Wish to Contact TransUnion

Please have your TransUnion **FILE NUMBER** available.  Your unique **FILE NUMBER** is located at the top c each page of this correspondence.

**Online:**
To dispute information contained in your credit report, please visit: www.transunion.com/disputeonline
For more information please visit our Frequently Asked Questions page at
http://transunion.com/consumerfaqs

**By Mail:**
TransUnion
P. O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 AM – 11:00 PM ET, Monday through Friday, except major holidays.

## Summary of Rights

### GENERAL SUMMARY OF RIGHTS UNDER THE FCRA

Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W. Washington, DC 20552.

A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your 'file disclosure'). You will be required to provide proper identification, which may include your Social Security Number. In many cases, the disclosure will be free.  You are entitled to a free disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert on your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore  for more additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days.  However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need usually to consider an application with a creditor, insurer, employer, landlord or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688 (888-5OPTOUT).

- **CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE.** You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely

approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

- **As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost.** An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court. You may also have the right to file suit under state law.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

P 9FF4N-002 03067-I030608 08/1(

States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates | a. Consumer Financial Protection Bureau<br>1700 G Street, N.W.<br>Washington, DC 20552 |
| b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | b. Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580          (877) 382-4357 |
| 2. To the extent not included in item 1 above:<br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010 -9050 |
| b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act. | b. Federal Reserve Consumer Help Center<br>PO Box 1200<br>Minneapolis, MN 55480 |
| c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | c. FDIC Consumer Response Center<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106 |
| d. Federal Credit Unions | d. National Credit Union Administration<br>Office of Consumer Financial Protection (OCFP)<br>Division of Consumer Compliance Policy and Outreach<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590 |
| 4. Creditors Subject to the Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street, S.W.<br>Washington, DC 20423 |
| 5. Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, S.W., Suite 8200<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street, N.E.<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580          (877) 382-4357 |

## CALIFORNIA BILL OF RIGHTS

You have the right to obtain a copy of your credit file from a consumer credit reporting agency. You may be charged a reasonable fee not exceeding eight dollars ($8). There is no fee, however, if you have been turned down for credit, employment, insurance, or a rental dwelling because of information in your credit report within the preceding 60 days. The consumer credit reporting agency must provide someone to help you interpret the information in your credit file.

You have the right to dispute inaccurate information by contacting the consumer credit reporting agency directly. However, neither you nor any credit repair company or credit service organization has the right to have accurate, current, and verifiable information removed from your credit report. Under the Federal Fair Credit Reporting Act, the consumer credit reporting agency must remove accurate, negative information from your report only if it is over seven years old. Bankruptcy information can be reported for 10 years.

If you have notified a consumer credit reporting agency in writing that you dispute the accuracy of information in your file, the consumer credit reporting agency must then, within 30 business days, reinvestigate and modify or remove inaccurate information. The consumer credit reporting agency may not charge a fee for this service. Any pertinent information and copies of all documents you have concerning an error should be given to the consumer credit reporting agency.

If reinvestigation does not resolve the dispute to your satisfaction, you may send a brief statement to the consumer credit reporting agency to keep in your file, explaining why you think the record is inaccurate. The consumer credit reporting agency must include your statement about disputed information in a report it issues about you.

You have a right to receive a record of all inquiries relating to a credit transaction initiated in 12 months preceding your request. This record shall include the recipients of any consumer credit report.

You may request in writing that the information contained in your file not be provided to a third party for marketing purposes.

You have a right to place a "security alert" in your credit report, which will warn anyone who receives information in your credit report that your identity may have been used without your consent. Recipients of your credit report are required to take reasonable steps, including contacting you at the telephone number you may provide with your security alert, to verify your identity prior to lending money, extending credit, or completing the purchase, lease, or rental of goods or services. The security alert may prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that taking advantage of this right may delay or interfere with the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or cellular phone or other new account, including an extension of credit at point of sale. If you place a security alert on your credit report, you have a right to obtain a free copy of your credit report at the time the 1 year security alert period expires. A security alert may be requested by calling the following toll-free telephone number: 1-800-680-7289

You have a right to bring civil action against anyone, including a consumer credit reporting agency, who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data.

If you are a victim of identity theft and provide to a consumer credit reporting agency a copy of a valid police report or a valid investigative report made by a Department of Motor Vehicles investigator with peace officer status describing your circumstances, the following shall apply:

1) You have a right to have any information you list on the report as allegedly fraudulent promptly blocked so that the information cannot be reported. The information will be unblocked only if (A) the information you provide is a material misrepresentation of the facts, (B) you agree that the information is blocked in error, or (C) you knowingly obtained possession of goods, services, or moneys as a result of the blocked transactions. If blocked information is unblocked, you will be promptly notified.
2) Beginning July 1, 2003 you have a right to receive, free of charge and upon request, one copy of your credit report each month for up to 12 consecutive months.

# EQUIFAX

**CREDIT FILE : January 3, 2019**
**Confirmation # 8364012027**

Dear KEIKI FUJITA:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. Here are a few things to know about the process.

## Were changes made to my credit report and what actions were taken?

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

* We request that the reporting company verify the accuracy of the information you disputed;

* We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and

* We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

## How do I know that all of this is happening?

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

## What should I do if I do not agree with the results of the investigation?

You have a few options:

* You may add a statement of up to 100 words (200 words for Maine residents) to your credit report. If you provide a consumer statement that contains medical information related to services provided or medical procedures, then you expressly consent to including this information in every credit report we issue about you.

* You may contact the company that reports the information to us and dispute it directly with them. If you would like written proof about your accounts (such as the original agreement), please contact your creditors directly.

* You may provide us additional information or documents (such as an identity theft report or a letter from the reporting company) about your dispute to help us resolve it by visiting our website https://www.ai.equifax.com/CreditInvestigation/home.action. You may also mail your documents to PO Box 740256, Atlanta GA 30348 or contact us by calling a Customer Representative at (888) 425-7961 from 9:00 a.m. to 5:00 p.m. Monday - Friday in your time zone.

* You may contact the Consumer Financial Protection Bureau or your State Attorney General's office about your issue or complaint against Equifax or the company reporting the information.

( Continued On Next Page )

8364012027APPLADM-002716205- 6953 - 7347 -

00000372 F0EC04104190725470000 01 000000
0027162059-6953
KEIKI FUJITA
227 ARLINGTON AVE
KENSINGTON, CA 94707-1401

P. O. Box 105518
Atlanta, GA 30348

## What else should I know?

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://help.equifax.com/.

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

8364012027APPLADM-002716205- 6953 - 7347 -

## How should I read my dispute results?

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states "**Deleted**" we have removed it from your credit report and taken steps so it does not reappear.
- If an item states "**Verified as Reported**", the reporting company has certified it is reporting accurately.
- If an item states "**Updated**", we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: **The information you disputed has been updated.**

Updated disputed account information. Additional account information was also updated: **The information you disputed has been updated as well as other information on this item.**

Disputed information accurate. Updated account information unrelated to your dispute: **The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated.**

Consumer's dispute not specific. Consumer Information verified. Account information updated: **Information on your report has been updated.**

### The Results Of Our Reinvestigation

**>>>  *We have reviewed the consumer statement. The results are:***

The Following Consumer Statement Has Been Added/Updated To Your Credit File As You Had Requested.

THIS ALLEGED ACCOUNT HAS BEEN LAWFULLY DISPUTED BY ME THE ACCOUNT IS CONTINUOUSLY D ISPUTED UNTIL SUCH TIME THAT THE FURNISHER LAWFULLY VALIDATES THE ALLEGED DEBT I HA VE NO VALID AND/OR BINDING AGREEMENT WITH THE FURNISHER I HAVE NO BUSINESS RELATION SHIP COURSE UPON INFORMATION AND BELIEF IF THERE IS AN ALLEGED ACCOUNT IT HAS BEEN SECURITIZED AND TRANSFERRED/ASSIGNED TO A THIRD PARTY

### Credit Account Information
*(For your security, the last 4 digits of account number(s) have been replaced by ?. This section includes open and closed accounts reported by credit grantors)*

| Account History | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| --- | --- | --- | --- |
| Status Code | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| Descriptions | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

**>>>  *Information on your report has been updated. Account # - 44095394* The results are:** We verified that this item belongs to you. This account has been updated. Additional information has been provided from the original source regarding this item. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ACTIVITY DESIGNATOR* *ADDITIONAL INFORMATION* *ACCOUNT HISTORY*. If you have additional questions about this item please contact: *Macys/Dsnb, PO Box 8218, Mason OH 45040-8218 Phone: (800) 627-2809*

( Continued On Next Page )



**Macy's/Dsnb   PO Box 8218 Mason OH 45040-8218 : (800) 697-2909**

**Account Number**
**44095394***

| Items As of Date Reported | Balance Amount | Date Opened 09/01/1962 | High Credit $0 | Credit Limit $1,000 | Terms Duration | Terms Frequency Monthly | Months Revd 65 | Activity Designator | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|
| 01/03/2019 | $1,211 | Date of Last Payment 12/2017 | Date of Last Payment Amount $0 | Date of Last Payment | Date of 1st Delinquency 01/2018 | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount $1,211 | Deferred Pay Start Date | Balloon Pay Date | Date Closed 04/2018 |
| **Status** | Type of Account Revolving | | Type of Loan Charge Account | | Whose Account Individual Account | | Portfolio Indicator | | Portfolio Status | Balloon Pay Amount $0 | |
| **Charge Off** | | | | | | | | | | | |

**ADDITIONAL INFORMATION:**
Consumer Disputes This Account Information

Charged Off Account

Account Closed By Credit Grantor

**Account History with Status Codes**

| | | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | L | L | L | L | L | L | 6 | 5 | 4 | 3 | 2 | 1 |

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 12/18 | No Data Available | | | | | | | | |
| 11/18 | $1,211 | | | 12/1/2017 | | $1,000 | $1,211 | Charge Account | Closed |

**ADDITIONAL INFORMATION:**
Consumer Disputes This Account Information

Charged Off Account

Account Closed By Credit Grantor

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 10/18 | $1,211 | | | 12/1/2017 | | $1,000 | $1,211 | Charge Account | Closed |

**ADDITIONAL INFORMATION:**
Consumer Disputes This Account Information

Charged Off Account

Account Closed By Credit Grantor

( Continued On Next Page )

836401202 7APPL ADM-002716205- 6953 - 7347 - /

# CREDIT FILE : January 3, 2019

Confirmation # 8364012027

| 09/18 | $1,211 | $1,211 | | 12/1/2017 | | $1,000 | $1,211 | Charge Account | | Closed |

ADDITIONAL INFORMATION:

Consumer Disputes This Account Information
Charged Off Account
Account Closed By Credit Grantor

| 08/18 | $1,211 | $1,211 | | 12/1/2017 | | $1,000 | $1,211 | Charge Account | | Closed |

ADDITIONAL INFORMATION:

Consumer Disputes This Account Information
Charged Off Account
Account Closed By Credit Grantor

| 07/18 | $1,211 | $1,211 | | 12/1/2017 | | $1,000 | $1,211 | Charge Account | | Closed |

ADDITIONAL INFORMATION:

Consumer Disputes This Account Information
Charged Off Account
Account Closed By Credit Grantor

| 06/18 | $1,151 | $73 | | 12/1/2017 | | $1,000 | $397 | Charge Account | | Closed |

ADDITIONAL INFORMATION:

Account Closed By Credit Grantor
150 Days Past Due

| 05/18 | $1,093 | $71 | | 12/1/2017 | $1,731 | $1,000 | $326 | Charge Account | | Closed |

ADDITIONAL INFORMATION:

Account Closed By Credit Grantor
120 Days Past Due

( Continued On Next Page )

8364012027APPLADM-002716205- 6953 - 7347 -

| 04/18 | $1,036 | | $69 | 12/1/2017 | $1,731 | $1,000 | $257 | Charge Account | Closed |

ADDITIONAL INFORMATION:

Account Closed By Credit Grantor

| 03/18 | $980 | | $67 | 12/1/2017 | $1,731 | $1,000 | $190 | Charge Account |

ADDITIONAL INFORMATION:

| 02/18 | $925 | | $66 | 12/1/2017 | $1,731 | $1,000 | $124 | Charge Account |

ADDITIONAL INFORMATION:

| 01/18 | $873 | | $64 | 12/1/2017 | $1,731 | $2,000 | | Charge Account |

ADDITIONAL INFORMATION:

| 12/17 | $501 | | $60 | 11/1/2017 | $1,731 | $2,000 | | Charge Account |

ADDITIONAL INFORMATION:

# CREDIT FILE : January 3, 2019

Confirmation # 8364012027

| 11/17 | $506 | $60 | | | 10/1/2017 | $1,731 | $2,000 | Charge Account |
| 10/17 | $461 | $50 | | | 10/1/2017 | $1,731 | $2,000 | Charge Account |
| 09/17 | $451 | $25 | | | 9/1/2017 | $1,731 | $2,000 | Charge Account |
| 08/17 | $1 | $1 | | | 8/1/2017 | $1,731 | $2,000 | Charge Account |
| 07/17 | $111 | $50 | | | 3/1/2017 | $1,731 | $2,000 | Charge Account |

ADDITIONAL INFORMATION:

ADDITIONAL INFORMATION:

ADDITIONAL INFORMATION:

ADDITIONAL INFORMATION:

ADDITIONAL INFORMATION:

( Continued On Next Page )

8364012027APPLADM-002716205- 6953 - 7347 -

| 06/17 | $84 | $25 | | | | 3/1/2017 | $2,000 | Charge Account | |
|---|---|---|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:

| 05/17 | $0 | | | | 3/1/2017 | $1,731 | $2,000 | Charge Account | |
|---|---|---|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:

| 04/17 | $0 | | | 3/1/2017 | $1,731 | $2,000 | Charge Account | |
|---|---|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:

| 03/17 | $2 | $2 | | 3/1/2017 | $1,731 | $2,000 | Charge Account | |
|---|---|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:

| 02/17 | $137 | $41 | | 1/1/2017 | $1,731 | $2,000 | Charge Account | |
|---|---|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:

# CREDIT FILE : January 3, 2019

Confirmation # 8364012027

| 01/17 | $152 | $31 | 12/1/2016 | $1,731 | $2,000 | Charge Account | |

ADDITIONAL INFORMATION:

>>> *Information on your report has been updated. Account # - 37748133480* The results are:* We verified that this item belongs to you. This account has been updated. Additional information has been provided from the original source regarding this item. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ACTIVITY DESIGNATOR *ADDITIONAL INFORMATION *ACCOUNT HISTORY. If you have additional questions about this item please contact: *Amex/Dsnb, PO Box 8218, Mason OH 45040-8218*

## Amex/Dsnb    PO Box 8218 Mason OH 45040-8218

| Account Number 37748133480* | Date Opened 12/18/1998 | High Credit $0 | Credit Limit $15,000 | Terms Duration | Terms Frequency Monthly | Months Revd 66 | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |

| Items As of 01/03/2019 | Balance Amount $17,801 | Amount Past Due $17,801 | Date of Last Payment 12/2017 | Actual Payment Amount $0 | Scheduled Payment Amount $17,801 | Date of 1st Delinquency 01/2018 | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount $17,801 | Deferred Pay Start Date | Balloon Pay Amount $0 | Balloon Pay Date | Date Closed 04/2018 |

| Status | Type of Account | | | Type of Loan | | Whose Account | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Charge Off | Revolving | | | Credit Card | | Individual Account | | | | | | | |

ADDITIONAL INFORMATION:

Portfolio Indicator    Portfolio Status

Consumer Disputes This Account Information

Charged Off Account

Account Closed By Credit Grantor

## Account History with Status Codes

|  | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | L | L | L | L | L | L | 6 | 5 | 4 | 3 | 2 | 1 |

## Historical Account Information

| | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|
| Balance | | | | | | | | |

| 12/18 | No Data Available | | | | | | | |

( Continued On Next Page )

8364012027APPLADM-002716205- 6963 - 7347 -

| 11/18 | $17,801 | $17,801 | 12/1/2017 | $15,000 | $17,801 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Consumer Disputes This Account Information
Charged Off Account
Account Closed By Credit Grantor

| 10/18 | $17,801 | $17,801 | 12/1/2017 | $15,000 | $17,801 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Consumer Disputes This Account Information
Charged Off Account
Account Closed By Credit Grantor

| 09/18 | $17,801 | $17,801 | 12/1/2017 | $15,000 | $17,801 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Consumer Disputes This Account Information
Charged Off Account
Account Closed By Credit Grantor

| 08/18 | $17,801 | $17,801 | 12/1/2017 | $15,000 | $17,801 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Consumer Disputes This Account Information
Charged Off Account
Account Closed By Credit Grantor

| 07/18 | $17,801 | $17,801 | 12/1/2017 | $15,000 | $17,801 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Consumer Disputes This Account Information
Charged Off Account
Account Closed By Credit Grantor

( Continued On Next Page )

8364012027APPLADM-002716205- 6953 - 7347 -

# CREDIT FILE : January 3, 2019

Confirmation # 836401202027

| 06/18 | $17,364 | $585 | | 12/1/2017 | $17,364 | $15,000 | $3,268 | Credit Card | Closed |

**ADDITIONAL INFORMATION:**
Consumer Disputes This Account Information
Account Closed By Credit Grantor
150 Days Past Due

| 05/18 | $16,952 | $584 | | 12/1/2017 | $16,952 | $15,000 | $2,683 | Credit Card | Closed |

**ADDITIONAL INFORMATION:**
Account Closed At Consumers Request
120 Days Past Due

| 04/18 | $16,537 | $559 | | 12/1/2017 | $16,537 | $15,000 | $2,123 | Credit Card | Closed |

**ADDITIONAL INFORMATION:**
Account Closed At Consumers Request

| 03/18 | $16,144 | $566 | | 12/1/2017 | $16,144 | $15,000 | $1,556 | Credit Card | Closed |

**ADDITIONAL INFORMATION:**
Account Closed At Consumers Request

| 02/18 | $15,739 | $509 | | 12/1/2017 | $15,739 | $15,000 | $1,047 | Credit Card | Closed |

**ADDITIONAL INFORMATION:**
Account Closed At Consumers Request

( Continued On Next Page )

83640120227APPLADM-002716205- 6963 - 7347 -

( Continued On Next Page )

| | | | | | |
|---|---|---|---|---|---|
| 01/18 | $15,388 | $520 | 12/1/2017 | $15,388 | $15,000 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request .

| | | | | | |
|---|---|---|---|---|---|
| 12/17 | $15,379 | $526 | 11/1/2017 | $15,379 | $15,000 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| | | | | | |
|---|---|---|---|---|---|
| 11/17 | $14,850 | $982 | 11/1/2017 | $15,318 | $15,000 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| | | | | | |
|---|---|---|---|---|---|
| 10/17 | $14,801 | $468 | 10/1/2017 | $14,801 | $15,000 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| | | | | | |
|---|---|---|---|---|---|
| 09/17 | $13,673 | $414 | 9/1/2017 | $13,673 | $15,000 | Credit Card | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

8364012027APPLADM-002716205- 6953 - 7347 -

# CREDIT FILE : January 3, 2019

Confirmation # 8364012027

| 08/17 | $11,630 | $395 | | 8/1/2017 | $13,668 | $15,000 | | Credit Card | | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| 07/17 | $13,074 | $426 | | 7/1/2017 | $13,668 | $15,000 | | Credit Card | | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| 06/17 | $13,668 | $456 | | 5/1/2017 | $13,668 | $15,000 | | Credit Card | | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| 05/17 | $13,553 | $442 | | 4/1/2017 | $13,553 | $15,000 | | Credit Card | | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| 04/17 | $13,055 | $379 | | 4/1/2017 | $13,055 | $15,000 | | Credit Card | | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

( Continued On Next Page )

8364012027APPLADM-002716205- 6953 - 7347

| 03/17 | $11,369 | $323 | | 2/1/2017 | $11,369 | $15,000 | | Credit Card | | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| 02/17 | $9,479 | $278 | | 2/1/2017 | $9,619 | $10,500 | | Credit Card | | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

| 01/17 | $9,257 | $287 | | 1/1/2017 | $9,257 | $10,500 | | Credit Card | | Closed |

ADDITIONAL INFORMATION:

Account Closed At Consumers Request

## State of California - Notice to California Consumers

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If you still disagree with an item after it has been verified, you may send to us a brief statement, not to exceed one hundred words, explaining the nature of your dispute. Your statement will become part of your credit file and will be disclosed each time that your credit file is accessed as long as the information you disputed is retained in our credit reporting database.

If the reinvestigation results in a change to or deletion of the information you are concerned about, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company that received your credit file in the past twelve months for any purpose or in the past two years for employment purposes.

(End Of Report)

83640 12027 APPL ADM-0027 16205- 6953 - 7347 - 1