Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:  619/758-1891
Fax:  619/296-2013
drichard@sessions.legal
*Attorney for Defendant The Best Service Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIKI KAY MITSU FUJITA, | ) Case No. 4:19-cv-00580-SBA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ANSWER AND AFFIRMATIVE** |
| | ) **DEFENSES TO PLAINTIFF'S** |
| THE BEST SERVICE COMPANY; | ) **COMPLAINT** |
| HUNT & HENRIQUES; HARRIS & | ) |
| ZIDE; and Does 1-10, | ) |
| Defendants. | ) |

Defendant The Best Service Company ("BSC") through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff Keiki Kay Mitsu Fujita ("Plaintiff"), and states:

1.  The allegations of ¶ 1 constitute legal conclusions and/or rhetoric for which no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

2.  The allegations of ¶ 2 constitute legal conclusions and/or rhetoric for which no response is necessary.  Insofar as such allegations are construed to pertain to

alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

3.  The allegations of ¶ 3 constitute legal conclusions and/or rhetoric for which no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

4.  BSC denies the allegations contained in ¶ 4.

5.  BSC denies the allegations contained in ¶ 5.

6.  BSC denies the allegations contained in ¶ 6.

7.  BSC denies the allegations contained in ¶ 7.

8.  BSC denies the allegations contained in ¶ 8.

## ALLEGED JURISDICTION AND VENUE

9.  BSC denies the allegations contained in ¶ 9.

10. BSC denies the allegations contained in ¶ 10.

11. BSC denies the allegations contained in ¶ 11.

12. BSC denies the allegations contained in ¶ 12.

## ALLEGED PARTIES

13. BSC denies the allegations in ¶ 13 on the grounds it lacks information necessary to form a belief as to the truth or falsity of the allegations therein.

14. BSC denies the allegations contained in ¶ 14.

15. The allegations in ¶ 15 do not pertain BSC and therefore no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

16. The allegations in ¶ 16 do not pertain BSC and therefore no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

17. The allegations in ¶ 17 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

## **ALLEGATIONS**

18. BSC denies the allegations contained in ¶ 18.

19. BSC denies the allegations contained in ¶ 19.

20. BSC denies the allegations contained in ¶ 20.

21. BSC denies the allegations contained in ¶ 21.

22. The allegations in ¶ 22 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

23. The allegations in ¶ 23 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

24. The allegations in ¶ 24 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

25. The allegations in ¶ 25 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

26. The allegations in ¶ 26 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

27. The allegations in ¶ 27 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

28. The allegations in ¶ 28 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

29. The allegations in ¶ 29 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

30. The allegations in ¶ 30 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

31. The allegations in ¶ 31 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

32. The allegations in ¶ 32 do not pertain BSC and therefore no response is necessary.   Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

33. BSC denies the allegations contained in ¶ 33.

34. BSC denies the allegations contained in ¶ 34.

35. BSC denies the allegations contained in ¶ 35.

36. BSC denies the allegations contained in ¶ 36.

37. BSC denies the allegations contained in ¶ 37.

38. BSC denies the allegations contained in ¶ 38.

39. BSC denies the allegations contained in ¶ 39.

40. BSC denies the allegations contained in ¶ 40.

41. BSC denies the allegations contained in ¶ 41.

42. BSC denies the allegations contained in ¶ 42.

## FIRST ALLEGED CAUSE OF ACTION

## ALLEGED VIOLATION OF THE FCRA

43. BSC reasserts and incorporates its answers to the allegations in ¶ 1 through ¶ 42 as if fully set forth herein.

44. The allegations of ¶ 44 constitute legal conclusions and/or rhetoric for which no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

45. The allegations of ¶ 45 constitute legal conclusions and/or rhetoric for which no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

46. BSC denies the allegations in ¶ 46.

47. BSC denies the allegations in ¶ 47.

48. BSC denies the allegations in ¶ 48.

49. The allegations of ¶ 49 constitute legal conclusions and/or rhetoric for which no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

50. BSC denies the allegations in ¶ 50.

51. The allegations of ¶ 51 constitute legal conclusions and/or rhetoric for which no response is necessary.  Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

52. BSC denies the allegations in ¶ 52.

53. BSC denies the allegations in ¶ 53.

## SECOND ALLEGED CAUSE OF ACTION

**ALLEGED VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(8)**

54. BSC reasserts and incorporates its answers to the allegations in ¶ 1 through ¶ 53 as if fully set forth herein.

55. The allegations of ¶ 55 constitute legal conclusions and/or rhetoric for which no response is necessary. Insofar as such allegations are construed to pertain to alleged wrongdoing by BSC or otherwise require a response, BSC denies those allegations.

56. BSC denies the allegations in ¶ 56.

57. BSC denies the allegations in ¶ 57.

**THIRD ALLEGED CAUSE OF ACTION**

**ALLEGED VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)**

58. BSC reasserts and incorporates its answers to the allegations in ¶ 1 through ¶ 57 as if fully set forth herein.

59. BSC denies the allegations in ¶ 59.

60. BSC denies the allegations in ¶ 60.

61. BSC denies the allegations in ¶ 61.

**FOURTH ALLEGED CAUSE OF ACTION**

**ALLEGED VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f**

62. BSC reasserts and incorporates its answers to the allegations in ¶ 1 through ¶ 61 as if fully set forth herein.

63. BSC denies the allegations in ¶ 63.

64. BSC denies the allegations in ¶ 64.

**FIFTH ALLEGED CAUSE OF ACTION**

**ALLEGED VIOLATION OF THE TCPA, 47 U.S.C. § 227**

65. BSC reasserts and incorporates its answers to the allegations in ¶ 1 through ¶ 64 as if fully set forth herein.

66. BSC denies the allegations in ¶ 66.

67. BSC denies the allegations in ¶ 67.

68. BSC denies the allegations in ¶ 68.

69. BSC denies the allegations in ¶ 69.

70. BSC denies the allegations in ¶ 70.

## PRAYER FOR RELIEF

71. BSC denies that Plaintiff is entitled to the relief sought.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action against BSC upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is unable to obtain any relief as a result of the duties to mitigate damages, take other reasonable steps to avoid or reduce damages, and not purposefully create damages.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of BSC, or for whom BSC is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

BSC maintained and used, at all relevant times, reasonable procedures to assure the maximum accuracy of information within the meaning of the FCRA and otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is unable to obtain any relief as a result of the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

## EIGHTH AFFIRMATIVE DEFENSE

BSC alleges that Plaintiff consented to and/or invited the conduct for which he seeks relief.  Plaintiff's claims are barred by assumption of risk and/or consent in that Plaintiff or someone on his behalf voluntarily provided the alleged cellular phone number at issue or otherwise consented to calls at that number.

## NINTH AFFIRMATIVE DEFENSE

BSC alleges that the calls it allegedly made are calls to which the TCPA is not applicable.

## TENTH AFFIRMATIVE DEFENSE

BSC alleges Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent BSC called Plaintiff, the calls were made with the *prior express consent* of the called party.

## TWELFTH AFFIRMATIVE DEFENSE

BSC alleges that one or more of the alleged calls were not to a wireless, i.e., cellular, telephone.

## THIRTEENTH AFFIRMATIVE DEFENSE

BSC alleges that Plaintiff is not the subscriber to the cellular phone number alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

One or more claims asserted by Plaintiff are barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent BSC called Plaintiff, the calls were placed by BSC without the use of an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(b)(1).

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent BSC called Plaintiff, the calls were placed by BSC without the use of an artificial or prerecorded voice.

## SEVENTEENTH AFFIRMATIVE DEFENSE

BSC currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. BSC reserves the right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, based on the foregoing, BSC respectfully requests that this Answer be deemed good and sufficient and that plaintiffs' lawsuit be dismissed, with prejudice at Plaintiff's cost, and that, due to the engineered aspect of Plaintiff's allegations, which suggests that this entire lawsuit has not been brought in good faith, BSC is entitled to and hereby requests its attorney's fees and costs pursuant to 15 U.S.C. § 1681n(c), and for all other general and equitable relief.

Dated: 2/27/19                     SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Damian P. Richard*
Damian P. Richard
*Attorney for Defendant*
*The Best Service Company*