UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEIKI KAY MITSU FUJITA,<br><br>    Plaintiff,<br><br>vs.<br><br>THE BEST SERVICE COMPANY, et al.,<br><br>    Defendants. | Case No: C 19-00580 SBA<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT HARRIS & ZIDE**<br><br>Dkt. 36 |

    Plaintiff Keiki Kay Mitsu Fujita ("Plaintiff") filed the instant pro se action alleging claims, inter alia, under the Fair Credit Reporting Act ("FCRA"), id. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. As party-defendants, Plaintiff has named The Best Service Company ("Best"); Hunt & Henriques ("Hunt"); and Harris & Zide ("Harris"). Only Harris and Hunt remain as party-defendants in the action.

    The parties are presently before the Court on the Harris' Motion for Summary Judgment. Dkt. 36. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff is an individual residing in Kensington, California. Compl. at 1, Dkt. 1. Defendant Harris is a law firm engaged in the business of debt collection. Id. ¶ 16. On December 12, 2018, Harris received a file from its client, Bank of America, N.A. ("Bank of America"), for a delinquent credit account in the amount of $2,521.18 belonging to Plaintiff. Zide Decl. ¶ 4, Dkt. 36-1. The next day, Harris sent a letter to Plaintiff demanding payment of her outstanding debt. Id. ¶ 5 & Ex. A. On December 24, 2018, Harris received a letter from Plaintiff requesting validation of her debt. Id. ¶ 6 & Ex. B. Harris provided the requested validation by letter on January 2, 2019. Id. & Ex. C. On January 22, 2019, Harris received a second letter requesting validation from Plaintiff. Id. ¶ 7 & Ex. D. Harris responded to Plaintiff's request on January 23, 2019. Id. & Ex. E.

On February 1, 2019, Plaintiff filed the instant action in this Court. The Complaint alleges five claims, which are brought against all Defendants, except as noted: (1) violation of the FCRA, 15 U.S.C. § 1681s-2(b); (2) violation of the FDCPA, 15 U.S.C. § 1692e(8); (3) violation of the FDCPA, id. § 1692d(5); (4) violation of the FDCPA, 15 U.S.C. § 1692f; and (5) violation of the Telephone Communication Act, 47 U.S.C. § 227 (as to Best only).[1]

On February 19, 2019, Harris, on behalf of Bank of America, filed a collection lawsuit against Plaintiff in Contra Costa County Superior Court ("Superior Court"). Zide Decl. ¶ 9. On September 16, 2019, the Superior Court conducted a trial in the collection action and entered judgment in favor of Bank of America. Id. ¶ 24. The judgment is in the amount of $2,521.08, representing Plaintiff's delinquent debt, plus an additional $354.50 in court costs, for a total of $2,875.58. Id.

In the instant action, Harris served Plaintiff with discovery requests, including requests for admission ("RFAs") pursuant to Federal Rule of Civil Procedure 36. Zide Decl. ¶ 18 & Ex. O. Harris served the discovery requests on July 9, 2019, see id., meaning

---

[1] Pursuant to a stipulation between Plaintiff and Best, all claims against Best were dismissed with prejudice. Dkt. 35.

that responses were due by August 8, 2019, see Fed. R. Civ. P. 36(a)(3). Plaintiff refused to respond to the discovery requests, claiming that she was dissatisfied with Harris' responses to discovery in the state court collection action. Zide Decl. ¶ 21. As a result of Plaintiff's failure to respond to the RFA, the matters set forth in the RFA are deemed admitted and are "conclusively established" for purposes of this action. See Fed. R. Civ. P. 36(a)(3), (b)(3).[2]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323; see Fed. R. Civ. P. 56(c)(1)(A).

Where the moving party meets its burden on summary judgment, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of a genuine issue of material fact. Celotex, 477 U.S. at 324. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Secs. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. See

---

[2] Plaintiff attaches responses to Harris' RFAs to her opposition to the instant motion. Under Rule 6(b), a party may seek an extension of time after a deadline has expired upon a showing of excusable neglect. See Fed. R. Civ. P. 6(b). Plaintiff has not made a motion under Rule 6(b), nor has she presented any explanation for her late responses.

| | |
|---|---|
| 1 | Anderson, 477 U.S. at 322-23.  All reasonable inferences are to be drawn in favor of the |
| 2 | party against whom summary judgment is sought.  Matsushita Elec. Indus. Co. v. Zenith |
| 3 | Radio Corp., 475 U.S. 574, 587 (1986). |

### III. DISCUSSION

#### A. FCRA

The purpose of the FCRA is to ensure fair and accurate credit reporting, protect consumer privacy, and promote efficiency in the banking system.  Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007); 15 U.S.C. § 1681.  The FCRA imposes duties on both consumer reporting agencies ("CRAs") as well as "furnishers" that provide credit information to CRAs.  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009).

To ensure the accuracy of credit reports, the FCRA imposes two sets of responsibilities on entities which furnish information to CRA.  Id. at 1154.  The first set of duties requires furnishers "to provide accurate information," including the duty to provide notice that the consumer is disputing the debt.  15 U.S.C. § 1681s-2(a)(3).  The provisions of § 1681s-2(a) may be enforced only by federal agencies and certain state officials, not private persons.  Nelson v. Chase Manhattan Mort. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002).

The second category of responsibilities is triggered when a furnisher is notified by a CRA that a consumer disputes any reported information. 15 U.S.C. § 1681s-2(b).[3]  The duty is triggered only when the information concerning the dispute is provided by the CRA; "notice of a dispute received directly from the consumer does not trigger the furnisher's duties under subsection (b)."  Gorman, 584 F.3d at 1154.  Unlike subsection (a), the FCRA

---

[3] Subsection (b) requires the furnisher to conduct an investigation; review all relevant information provided by the CRA; report the results of its investigation to the CRA; if its investigation reveals incomplete or inaccurate information, it must notify all other CRAs to whom it furnished the information; and if the incomplete or inaccurate information cannot be verified, it must modify, delete, or block the information permanently. 15 U.S.C. § 1681s-2(b)(1).

creates a private right of action for willful or negligent noncompliance with subsection (b). Gorman, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n & o).

Plaintiff's first claim alleges that Harris violated § 1681s-2(b) by failing "to conduct an investigation and report the result of that investigation to the CRAs" after "the CRA's investigation request to Defendants." Compl. ¶ 52. However, there is no evidence that any CRA made such a request to Harris. To the contrary, it is uncontroverted that Harris had no communication with any CRA regarding Plaintiff. Zide Decl. ¶ 26. Moreover, Plaintiff admitted that Harris had no communication with any CRA. Harris's RFA to Plaintiff asked her to admit that Harris never communicated with any CRA and that Harris, at all times, comported itself legally in its dealings with her. Id. ¶ 19 & Ex. P. Plaintiff did not respond to the RFAs within the requisite 30-day window. See Fed. R. Civ. P. 36(a)(3). As a result of her failure to respond, it has been "conclusively established" that Harris received no investigation request from any CRA or otherwise violated the FCRA. See Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

The Court finds that Harris has sufficiently demonstrated that Plaintiff lacks any factual or legal basis for her FCRA claim. Summary judgment is therefore GRANTED in favor of Harris on this claim.

**B. FDCPA**

The FDCPA prohibits "debt collectors" from engaging in various unlawful debt collection practices, including the making of "false, deceptive or misleading representations." 15 U.S.C. §§ 1692a & 1692e. "There are four elements to an FDCPA cause of action: (1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o." Wheeler v. Premiere Credit of N. Am., LLC, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing Turner v. Cook, 362 F.3d 1219, 1226-27 (9th Cir. 2004)).

The Complaint alleges that Harris violated the FDCPA by failing to validate the Bank of America debt, reporting false information to CRAs and harassing her by telephone. Compl. ¶¶ 56, 59, 60, 63. In support of its summary judgment motion, Harris presents documentation establishing that it timely responded to both of Plaintiff's demands for validation. Zide Decl. ¶¶ 6, 7 & Exs. C, E. Harris likewise confirms that it did not provide any information to any CRA and made no telephone calls to Plaintiff. Zide Decl. ¶¶ 26, 27. Plaintiff offers no evidence to controvert Harris' evidentiary showing. Moreover, as discussed, Plaintiff admitted these facts by failing to respond to Harris' RFAs. Zide Decl. ¶ 19 & Ex. P (RFA Nos. 3, 4, 6, 8).

The Court finds that Harris has sufficiently demonstrated that Plaintiff lacks any factual or legal basis for her FDCPA claims. Summary judgment is therefore GRANTED in favor of Harris on these claims.

## IV. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Harris' Motion for Summary Judgment is GRANTED. Harris shall be terminated as a party-defendant in this action.

IT IS SO ORDERED.

Dated: 1/29/20

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge