UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEIKI KAY MITSU FUJITA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE BEST SERVICE COMPANY, et al.,<br><br>　　　　Defendants. | Case No: C 19-00580 SBA<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

Defendant Hunt & Henriques shall file its motion for summary judgment by no later than March 16, 2020. Plaintiff shall file her opposition by no later than April 6, 2020, and Defendant shall file its reply by no later than April 13, 2020. The motion shall be noticed for hearing on May 13, 2020 at 2:00 p.m. However, the Court may decide the motion without a hearing, in which case no appearance is required. Fed. R. Civ. P. 78; Civ. L.R. 7-1(b). The parties are advised the check the Court's website to determine whether the motion is on calendar.

For Plaintiff's benefit, the Court notes that Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "[S]ummary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" Alabama v. North Carolina, 560 U.S. 330, 344 (2010) (quoting Fed. Rule Civ. Proc. 56(c)) (citing cases). "The burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). "[A] party seeking summary judgment always

bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.

Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of a genuine issue of material fact. Id. at 324. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Secs. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. See Anderson, 477 U.S. at 322-23. Only admissible evidence may be considered in ruling on a motion for summary judgment. Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002). All reasonable inferences are to be drawn in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Pro se litigants, such as Plaintiff, are held to the same standards in terms of compliance with rules as the represented litigant. Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986). As such, Plaintiff is obligated to file an opposition and supporting papers by the deadline specified above. Should Plaintiff fail to do so, Defendant's motion will be deemed unopposed. In addition, Plaintiff's papers must comply in all respects with the Federal Rules of Civil Procedure as well as this Court's Local Rules, including, without limitation, Civil Local Rule 7-3, 7-4 and 7-5. The Court may reject any papers that are not filed in conformity with these rules. Plaintiff shall email a copy of her opposition papers to Defendant's counsel on the same day such documents are filed.

IT IS SO ORDERED.

Dated: 02/19/2020

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge