UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEIKI KAY MITSU FUJITA,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE BEST SERVICE COMPANY, et al.,<br><br>  Defendants. | Case No: C 19-00580 SBA<br><br>**ORDER GRANTING DEFENDANT HUNT & HENRIQUES' MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. 79 |

Plaintiff Keiki Kay Mitsu Fujita ("Plaintiff") filed the instant pro se action against Defendants The Best Service Company ("Best"), Harris & Zide ("Harris") and Hunt & Henriques ("H&H"), alleging claims under the Fair Credit Reporting Act ("FCRA"), id. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. H&H is the only Defendant remaining in this action.

The parties are presently before the Court on H&H's Motion for Summary Judgment. Dkt. 79. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

## A. FACTUAL SUMMARY

Plaintiff is an individual residing in Kensington, California. Compl. at 1, Dkt. 1. Defendant H&H is a law firm engaged in the business of debt collection. Id. ¶ 15.

On July 25, 2018, H&H received a file from its client Department Stores National Bank ("DSNB") regarding a delinquent credit account belonging to Plaintiff in the amount of $17,801.53. Hunt Decl. ¶ 2, Dkt. 79-1. This amount represented the unpaid balance due on her Macy's account. Id. Ex. 3.

On September 7, 2018, H&H, on behalf of DSNB, sent Plaintiff a demand letter stating that it was seeking to collect payment in the amount of $17,801.53. Id. ¶¶ 3-5 & Ex. 1. The letter identified the creditor as DSNB and advised that, under Federal law, she had thirty days to dispute some or all of the debt. Id. Ex. 1. H&H further stated that, absent a dispute, the debt would be presumed valid. Id.

On September 27, 2018, H&H received a letter from Plaintiff, dated September 24, 2018. Id. ¶ 6 & Ex. 2.[1] The letter is styled as a "NOTICE OF DISPUTE" and demands that H&H validate the debt in accordance with 15 U.S.C. § 1692. Id. H&H reviewed its file, which included documents from the original creditor (Macy's), and, on October 1, 2018, provided Plaintiff with documentation consisting of her Macy's billing statements to verify the validity and amount of the debt. Id. ¶ 7 & Ex. 3.[2]

On October 30, 2018, H&H received a second request for validation from Plaintiff. Id. ¶ 9 & Ex. 4. While acknowledging receipt of H&H's October 1 response, Plaintiff complained that H&H had neither provided her with all of the information requested in her

---

[1] The copy of envelope containing Plaintiff's letter indicates a received date of September 26, 2018, not September 27, 2018. Hunt Decl. Ex. 2. For purposes of the instant motion, this apparent discrepancy is immaterial.

[2] On October 18, 2018, H&H sent Plaintiff a notice of intent to recover its court costs in accordance with California Civil Code § 1033. Id. ¶ 8.

September 7 letter nor included an affidavit.  Id.[3]  There is no indication in the record presented as to whether H&H responded to Plaintiff's second request.

### B.  PROCEDURAL HISTORY

On February 1, 2019, Plaintiff filed the instant action in this Court.  The Complaint alleges five claims, which are brought against all Defendants, except as noted: (1) violation of the FCRA, 15 U.S.C. § 1681s-2(b); (2) violation of the FDCPA, 15 U.S.C. § 1692e(8); (3) violation of the FDCPA, id. § 1692d(5); (4) violation of the FDCPA, id. § 1692f; and (5) violation of the Telephone Communication Act, 47 U.S.C. § 227 (as to Best only).[4]

On February 11, 2019, H&H, on behalf of DSNB, filed a collection action against Plaintiff in the Contra Costa County Superior Court ("Superior Court").  Hunt Decl. ¶ 13.  On February 7, 2020, the Superior Court entered a default judgment against Plaintiff in the principal amount of $17,801.53, plus $429.50 in costs, for a total judgment of $18,231.03.  Id. ¶¶ 13-15 & Ex. 6.  There is no indication in the record that Plaintiff challenged the judgment.  Id. ¶ 13.

On February 19, 2020, this Court issued a scheduling order directing H&H to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Dkt. 78.  The order provided the parties, and Plaintiff in particular, with notice of the requirements of Rule 56, including her obligations in opposing a summary judgment motion.  Id.  H&H timely filed its motion along with a supporting declaration and exhibits.  Dkt. 79.  Plaintiff timely filed a cursory opposition without any supporting declaration or documentation.  Dkt. 82.  With the filing of H&H's reply now filed, Dkt. 81, the motion is fully briefed and is ripe for adjudication.

---

[3] Among other things, Plaintiff insisted that H&H provide her with a statement of damages, a copy of any insurance claim made by Macy's relating to her account, a copy of the signed credit agreement, the name and address of Macy's certified public accountant, and verification of whether her debt has been sold and the price at which it was sold.  Hunt Decl. Ex. 3.  As will be more fully discussed below, the FDCPA does not require a debt collector to provide such information.  See 15 U.S.C. § 1692g(a), (b).

[4] Pursuant to a stipulation between Plaintiff and Best, all claims against Best were dismissed with prejudice.  Dkt. 35.  On January 9, 2020, the Court granted Harris' motion for summary judgment.  Dkt. 60.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323; see Fed. R. Civ. P. 56(c)(1)(A).

Where the moving party meets its burden on summary judgment, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of a genuine issue of material fact. Celotex, 477 U.S. at 324. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Secs. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. See Anderson, 477 U.S. at 322-23. All reasonable inferences are to be drawn in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [her] will bear the burden of proof at trial.'" Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-806 (1999) (quoting Celotex Corp., 477 U.S. at 322) (alterations in original).

## III. DISCUSSION

### A. FCRA

Plaintiff's first claim alleges a violation of the FCRA, which imposes duties on both consumer reporting agencies ("CRAs") as well as "furnishers" that provide credit information to CRAs. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009). With respect to furnishers, the FCRA imposes two sets of responsibilities. Id. at 1154.[5] At issue here is the second category of responsibilities, which are triggered when a furnisher is notified by a CRA that a consumer disputes any reported information. In particular, § 1681s-2(b) allows a consumer to sue a furnisher if it provides "incomplete or inaccurate" information to a CRA and then refuses to "delete" or "modify" that information in response to a consumer complaint. 15 U.S.C. § 1681s-2(b)(1); see Gorman, 584 F.3d at 1154 (noting that the FCRA creates a private right of action for willful or negligent noncompliance with subsection (b)) (citing 15 U.S.C. §§ 1681n & o).

Plaintiff alleges that all Defendants violated § 1681s-2(b) by failing "to conduct an investigation and report the result of that investigation to the CRAs" after "the CRA's reinvestigation request to Defendants." Compl. ¶ 52. The flaw in this claim is that § 1681s-2(b) only applies to a furnisher, which H&H is not. Although the pleadings allege that H&H regularly furnishes to one or more CRAs, see Compl. ¶ 15, Plaintiff offers no evidence with her opposition to H&H's summary judgment motion to support that allegation. In contrast, H&H presents evidence, undisputed by Plaintiff, that it did not furnish any information to or communicate with any CRA regarding Plaintiff's debt. Hunt Decl. ¶ 16.

Even if H&H were a furnisher, there is no evidence that H&H received notice of a dispute *from any CRA*. See Gorman, 584 F.3d at 1154 (noting that the furnisher's duty is

---

[5] The first set of duties requires furnishers "to provide accurate information," including the duty to provide notice that the consumer is disputing the debt. 15 U.S.C. § 1681s-2(a)(3). The provisions of § 1681s-2(a), however, may be enforced only by federal agencies and certain state officials, not private persons. Nelson v. Chase Manhattan Mort. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002).

triggered only when the information concerning the dispute is provided by the CRA; "notice of a dispute received directly from the consumer does not trigger the furnisher's duties under subsection (b)). Here, the record shows that while *Plaintiff* disputed the debt to H&H, it never received notice of a dispute from any CRA. Hunt Decl. ¶ 16. Summary judgment on Plaintiff's first claim for violation of the FDCPA is therefore GRANTED in favor of H&H.

### B.  FDCPA

Plaintiff's second, third and fourth claims are predicated on various subsections of the FDCPA, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection" of a debt. 15 U.S.C. § 1692e. To prevail on a claim under the FDCPA, a plaintiff must prove that: "(1) [the] plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Ellis v. Phillips & Cohen Assocs., Ltd., No. 5:14-cv-05539-EJD, 2016 WL 566981, at *3 (N.D. Cal. June 30, 2016). The Court addresses each of Plaintiff's FDCPA claims in turn.

#### 1.  15 U.S.C. § 1692e(8)

Under § 1692e(8), a debt collector is prohibited from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Plaintiff alleges that H&H violated this subsection by: (1) failing to validate her debt and threatening legal action if she did not pay; and (2) failing to inform the CRAs that her debt was disputed. Compl. ¶ 56.

##### *a)  Validation of the Debt*

The FDCPA requires a debt collector (within five days of the initial communication with the consumer, if applicable) to send the consumer a written notice containing certain information, unless such information was contained in the initial communication.

15 U.S.C. § 1692g(a).[6]  Among other things, the notice must include the amount of the debt, the name of the creditor and a statement that the consumer has thirty days to dispute the debt, and, that absent a timely dispute, the debt will be presumed valid.  Id.  If within thirty days of receiving the notice the consumer disputes any portion of the debt, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt ..." 15 U.S.C. § 1692g(a)(4), (b); Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1173 n.9 (9th Cir. 2006).

Plaintiff's allegation that H&H failed to properly validate her debt is unsupported.  The record shows that, upon reviewing Plaintiff's letter of September 24, 2018, H&H reviewed its files and gathered information responsive to her validation request.  Hunt Decl. ¶ 7.[7]  On October 1, 2018, H&H mailed Plaintiff a letter along with supporting documentation to validate the debt referenced in H&H's initial September 7 letter.  Id. ¶ 7 & Ex. 3.  Plaintiff acknowledges that she received a response from H&H but contends that the response was insufficient because H&H lacks "first hand (sic) knowledge of the facts" contained within its files.  Pl.'s Opp'n at 2.  This contention lacks merit.  Plaintiff fails to point to any provision in the FDCPA requiring that a debt collector have personal knowledge of the debt—because there is none.  Rather, the "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed."  See Clark, 460 F.3d at 1173-74 (internal quotation and citation omitted); Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999) ("[v]erification only requires a debt collector to confirm with his client that a particular amount is actually being claimed, not to vouch for the validity of the underlying debt.")

---

[6] Although Plaintiff's second claim is predicated on § 1692(e)(8), see Compl. ¶ 56, the relevant provisions regarding debt validation are set forth in § 1692g(a) and (b).

[7] H&H contends that Plaintiff's request for validation was untimely.  See Def.'s Mot. Summ. J. at 12-13.  However, the evidentiary basis supporting H&H's timeliness argument is unclear.  In any event, assuming arguendo that Plaintiff properly demanded validation, there is no dispute of material fact that H&H complied with its statutory obligations under the FDCPA in responding to her request.

1  (internal quotations omitted, alterations in original).  Plaintiff's improper validation claim
2  therefore fails, as a matter of law.

### b)   *Reporting Dispute*

4  As indicated above, a debt collector may not "[c]ommunicat[e] or threaten[ ] to
5  communicate to any person credit information which is known or which should be known
6  to be false, including the failure to communicate that a disputed debt is disputed."
7  15 U.S.C. § 1692e(8).  H&H argues that because it is not a furnisher of information, it had
8  no obligation to report that Plaintiff was disputing the debt.  Mot. Summ. J. at 12.  This
9  argument misses the mark.  Although H&H's point is correct insofar as the FCRA is
10 concerned, it fails to recognize that the FDCPA contains a reporting obligation on debt
11 collectors, such as H&H.  See 15 U.S.C. § 1692e(8).

12 The above notwithstanding, Plaintiff's claim still lacks merit.  Section 1692e(8) does
13 not impose an affirmative duty on debt collectors to report that the consumer is disputing a
14 debt.  Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008).  Rather, such duty arises
15 only when the debt collector elects to report information to a CRA.  Id. ("'[i]f a debt
16 collector knows that a debt is disputed by the consumer ... *and reports it to a credit bureau*,
17 he must report it as disputed'") (emphasis added); accord Llewellyn v. Allstate Home
18 Loans, Inc., 711 F.3d 1173, 1189 (10th Cir. 2013) ("We agree with the Eighth Circuit's
19 interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify
20 CRAs that a consumer disputes the debt unless the debt collector knows of the dispute and
21 elects to report to a CRA.").  Thus, if a debt collector communicates with a CRA, it must
22 not omit material information, including that the consumer has disputed the debt.  Wilhelm,
23 519 F.3d at 418.  Here, it is uncontroverted that H&H never communicated with any CRA
24 regarding Plaintiff's debt.  Hunt Decl. ¶ 16.  In the absence of such communication, H&H
25 cannot be held liable under § 1692e(8) for failing to report Plaintiff's dispute.  E.g.,
26 Llewellyn., 711 F.3d at 1189 ("Because it is undisputed CMS never reported to a CRA, it
27 was under no obligation to inform the CRAs the debt was disputed.").
28

The Court finds that H&H has sufficiently demonstrated that Plaintiff lacks any factual or legal basis for her § 1692e(8) claim. Summary judgment is therefore GRANTED in favor of H&H on Plaintiff's second claim for relief under § 1692e(8).

### 2. 15 U.S.C. § 1692d(5)

A debt collector is prohibited from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). The Complaint alleges that "[b]y Defendants conduct in calling Plaintiff's phone, after demand was made for them to stop, Defendants violated 15 U.S.C. § 1692d(5)." Compl. ¶ 60. The evidence shows, however, that H&H never made any such calls to Plaintiff. Hunt Decl. ¶ 17. Plaintiff offers no evidence to controvert H&H's showing. Summary judgment is therefore GRANTED in favor of H&H on Plaintiff's third claim for relief under § 1692d(5).

### 3. 15 U.S.C. § 1692f

Section 1692f states, in pertinent part, that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff alleges that all Defendants violated this provision by: (1) engaging in a "wrongful campaign" to collect an "alleged indebtedness"; (2) "actively" avoiding knowing that no debt was owed; (3) ignoring Plaintiff's "disputes as to the collection amount"; and (4) reporting false information to CRAs. Compl. ¶ 63.

The record demonstrates that H&H did not engage in a wrongful "campaign" to collect a debt from Plaintiff. As shown above, upon receipt of Plaintiff's letter disputing the Macy's debt, H&H promptly investigated the matter and provided Plaintiff with a letter and documentation to validate the debt. It also is uncontroverted that H&H never called Plaintiff to collect on the debt nor did it communicate with any CRA. Though Plaintiff complains about H&H sending her a notice of intent to recover its court costs, H&H did so only after it validated Plaintiff's debt. See 15 U.S.C. § 1692g(b) (stating that a debt collector "shall cease collection of the debt" until it provides verification of the debt).

Moreover, Plaintiff's overarching contention that the debt is invalid is without merit. The creditor, DSNB, filed a collections action in state court against Plaintiff and obtained a default judgment in the sum of $17,801.53 plus costs. There is no evidence that Plaintiff challenged or appealed the judgment. As a result, Plaintiff is collaterally estopped from relitigating the validity or the amount of her debt to DSNB. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (federal courts must accord a state court judgment the same preclusive effect to which that judgment would be entitled under the law of the state in which the judgment was rendered). Although Plaintiff now disputes the validity of the state court judgment, see Pl.'s Opp'n at 2, the Rooker-Feldman[8] doctrine precludes this Court from reviewing that judgment, see Fleming v. Gordon & Wong Law Grp., P.C., 723 F. Supp. 2d 1219, 1223 (N.D. Cal. 2010) ("[T]here is no question that the Rooker-Feldman doctrine bars a district court from reviewing an FDCPA claim that challenges the validity of a debt authorized by a state court judgment."); see also Denman v. W. Mercantile Agency, Inc., No. 6:11-cv-6074-TC, 2012 WL 1698173, *2 (D. Or. May 11, 2012) ("reduction of the debt to final judgment generally establishes the validity of the debt" that cannot be challenged in an FDCPA action). Summary judgment is therefore GRANTED in favor of H&H on Plaintiff's fourth claim for relief under § 1692f.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT H&H's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: April 24, 2020

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[8] The Rooker-Feldman doctrine derives from D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The doctrine generally precludes lower federal courts from reviewing state court judgments. See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029-30 (9th Cir. 2001).